### E. TUTTLE *v.* SUCCESSION OF JAMES BURROUGHES.

Plaintiff brought suit on a lost instrument and was nonsuited, because there was a variance in the description of it in the advertisement and that given in the petition.

Admissions or confessions of a party, are evidence of the weakest character.

C. C. 2258, 2259, 3505.

APPEAL from the District Court of the parish of Avoyelles, *Cushman,* J. *John P. Waddell,* for plaintiff and appellant, cited C. C. 2258. 2 R. 212, 128. 1 La. 206. 12 La. 166. 13 L. 216.

*S. L. Taylor,* for defendant:

To prove the lost instruments, the affidavit of plaintiff is annexed to the petition, and three consecutive advertisements in the newspaper published at Marksville, 13th January, 1853, were offered in evidence.

The mode pursued by plaintiff to establish the existence of the lost instruments and the fact of their loss, falls far short of the requirements called for in the Articles 2258 and 2259 of the Louisiana Code, so as to let in evidence of their contents, vide, also 2d Ann. 754, ib. 829.

The first recited article provides that "when an instrument in writing containing obligations which the party wishes to enforce, has been lost or destroyed by accident or force, evidence may be given of its contents, provided, the party show the loss either by direct testimony, or by such circumstances supported by the oath of the party as render the loss probable, and in this case the Judge may, if required, order reasonable security to indemnify the party against the appearance of the instruments, in case circumstances render it necessary." And the Article 2259 provides, that "in every case where a lost instrument is made the foundation of a suit, or defence, it must appear that the loss has been advertised within a reasonable time in a public paper, and proper means taken to recover the possession of the instruments."

But the articles cited require not only proof, or strong circumstances, to establish the loss, but further proof that the loss was advertised within a reasonable time. Taking the affidavit as true, was this requisite complied with? certainly not. If the note and draft were executed in 1846 and 1847, as stated in the account sworn to, and not the affidavit, (for this makes no mention of the matter,) and these instruments were lost in 1849, and not advertised until 1853, they were not advertised within a reasonable time, for four years had elapsed before the loss was made known either to the public or to the representatives of *Burroughes'* estate. This cannot be considered as a compliance with the rule laid down in the Article 2259 of the Code.

But in the absence of any satisfactory evidence either as to the existence, or the loss of the instruments in question, let us suppose that the plaintiff has brought himself within the requisites of the Articles 2258 and 2259, the plaintiff cannot recover, because (on the second question raised) his right of action was extinguised prior to the date of the institution of this suit by the effect of prescription alone; unless he has shown, by legal and proper evidence, a recognition and promise to pay on the part of *Burroughes* subsequent to the time when prescription had actually run.

The prescription as applicable to the lost instruments was five years, C. C. 3505, and it took effect by the mere silence of the creditor, ibid 3494, unless interrupted in one of two modes provided by Article 3482.

Here no legal interruption intervened, C. C. 3484, nor was it interrupted by the act or consent of the debtor, ibid 3486.

It is upon the ground of an acknowledgment made on the part of *Burroughes,* that the plaintiff places his case, and to which point the whole evidence was directed.

There can be no question, that a debt legally prescribed, may be renewed and its payment enforced by the acknowledgment of the debtor, but this acknowledgment in order to give vitality to what the law considers as dead and hold the debtor still bound, must be made of a pre-existing debt, specific,

<div style="float:right">
TUTTLE
*v.*
SUCCESSION OF
BURROUGHES.
</div>

fixed, and certain. 10 L. R. 568. 9 R. R. 511. 12 R. R. 243, ib. 231. 7 Ann. 537.

These authorities lay down the rule clearly, that the acknowledgment to be binding must be of a debt certain in its nature, and fixed as to amount.

Nor will a conditional acknowledgment revive the debt, 15 L. R. 145, and so strict and well settled is the rule, that an endorsement on the back of a note in the handwriting of the drawer of a payment will not operate as a revival. 4 Ann. 419. 11 L. R. 449.

VOORHIES, J. The plaintiff's action is founded on a promissory note and draft, alleged to have been lost in the year 1849; he also claims the sum of $400, as one-half of the price of a tract of land sold by *William Lazarus*, for the joint benefit of himself and *Burroughes*, alleging that the latter received the whole amount thereof.

The note is described as drawn for the sum of $600, and dated in the year 1846, and the draft for the sum of $160; both endorsed by *William Lazarus*.

In the advertisement of the loss, published in January, 1853, the amount of the note is not specified; it is merely described as drawn in favor of the plaintiff, dated sometime in the year 1846, and bearing eight per cent. interest. The draft is described as drawn to the plaintiff's order, without mentioning the drawer's name. It is evident that the description of the lost instruments in the advertisement is, in some respects, at variance with that contained in the petition. The affidavit of the plaintiff at the foot of his account, verifying its correctness, is the only evidence in the record in relation to the loss of the instruments declared upon, and, in our opinion, is clearly insufficient. Under the provisions of our Code, Article 2258, it is essential for the plaintiff to show, in order to entitle him to recover, either by direct testimony, or by circumstances supported by his oath, the fact of the probable loss of the instruments sued upon. It is also essential for him to show that the notice required by Article 2259, has been seasonably given. We are not prepared to say that such notice has been given, a period of nearly four years having elapsed from the time of the alleged loss to the date of its advertisement. 2 Ann. 754, ibid 829.

The admissions or confessions of a party have repeatedly been considered by this court as evidence of the weakest character; particularly when made to the witness alone, unsupported by corroborating circumstances. The acknowledgment made by *Burroughes* to some of the witnesses in 1850, is entirely too loose and indefinite as to the nature and extent of his indebtedness, to authorise us to arrive at a different conclusion from that of our learned brother of the District Court.

In relation to the plaintiff's claim of $400, alleged to be a part of the price of the sale of a tract of land, there is no evidence.

It is however urged by the appellant, that the Judge *à quo* erred in giving a final judgment against him, as his claim was not prescribed. We think the judgment should have been one of nonsuit. There is no allegation, nor is it in proof that the note sued upon was made payable to bearer or order, so as to be prescribed under Article 3505 of the Civil Code. 3 Ann. 220. 4 Ann. 171, 126. 5 A. 147.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment against the plaintiff as in case of nonsuit, the appellee to pay the costs of appeal, and those of the District Court to be borne by the appellant.