Plaintiff, alleging himself to be the owner of the Southwest Quarter (SW 1/4) of the Southeast Quarter (SE 1/4) of Section Eight (8) in Township Seventeen North (17 N), Range Eleven West (R. 11 W), Bossier Parish, seeks to have such ownership recognized and to establish the execution and loss or destruction of an instrument of conveyance thereof to him by Napoleon B. Murff and Edwin R. Lacey in the month of March, 1919. He specifically alleges that he purchased the land from Napoleon B. Murff "in consideration of an indebtedness then due and owing to him by the said Napoleon B. Murff in the amount of Four Hundred Dollars"; that said Murff actually executed a warranty deed unto him conveying his interest in the land and forwarded, or caused to be forwarded, the deed to Edwin R. Lacey, who owned one-half interest therein, for execution by him, all in keeping with petitioner's agreement with the said Napoleon B. Murff; that at the time the said Lacey was indebted unto said Murff in approximately the sum of two hundred ($200) dollars, and that he joined in the deed to extinguish that obligation; that after the deed was executed by said Lacey he mailed it to said Murff but he died before delivering it to petitioner; that said deed has been destroyed by some third person or was placed by said Murff in some place known only to him, and its whereabouts is now unknown to petitioner.
Napoleon B. Murff was a bachelor. He died testate on March 17, 1919. He instituted his brothers and sisters, save plaintiff, his sole heirs. Judge A.J. Murff, a brother, was named executor. The will was duly probated in the District Court of Caddo Parish very soon after his death. In a proceeding conducted contradictorily with plaintiff and other collateral relatives in said Court, the legatees were recognized and sent into possession of all of the property, rights and credits of the deceased. These legatees are A.B. Murff, A.J. Murff, Mrs. Roxa Murff Browning, Mrs. Kate Murff Lawrence, Mrs. Audrey Murff Sheppard and Mrs. Molly Murff Bevill. *Page 408 
Thereafter, A.B. Murff died intestate. Samuel Dorman Murff was his sole surviving heir. He was so recognized and sent into possession by the District Court of Caddo Parish by judgment of date April 27, 1931.
Judge A.J. Murff died on November 9, 1936. His widow and heirs were recognized and sent into possession by judgment of the District Court of Caddo Parish.
Edwin R. Lacey, who lived in the State of Iowa, died prior to the filing of this suit, leaving a widow and heirs.
The instituted heirs of Napoleon B. Murff, Samuel Dorman Murff, the widow and heirs of Judge Murff and the widow and heirs of Edwin R. Lacey were made defendants.
Defendants filed a plea of vagueness and a motion for a bill of particulars. Both were sustained and, complying with the Court's prior order that the petition be amended to disclose the information sought by the movers, plaintiff alleged:
That is was impossible for him to give the language of the deed to him from Napoleon B. Murff and Edwin R. Lacey other than that it was on a regular printed form of conveyance, was executed before A.J. Murff, Notary Public, and J.P. Flournoy and O.R. Gillette, attesting witnesses; that he does not know and cannot prove the exact form in which said Lacey executed the deed nor place of execution; but the fact of its execution was acknowledged by Lacey in an undated letter to plaintiff, approximately eight years ago;
That the consideration of four hundred ($400) dollars expressed in the deed was due him by Napoleon B. Murff for personal services rendered "in looking after various lands and timber holdings" of Murff in Bossier Parish, over a period of approximately four years;
That he is informed and believes, but does not know as a fact, that the two hundred ($200) dollars due by Lacey to Napoleon B. Murff, represented monies expended by Murff for Lacey's account, for taxes and in looking after and administering the properties jointly owned by them in Bossier Parish;
That he does not know the exact date on which said deed to him was executed by Murff, nor how it was lost or destroyed, but, in this connection, shows "that he has in hand a letter dated March 14, 1919, addressed to him and signed by Napoleon B. Murff, advising plaintiff that he, the said Napoleon B. Murff, had had the deed `fixed' for the land in dispute and requested plaintiff to come over" and get it, but said Murff died before plaintiff could see him.
Defendants deny that plaintiff owns or has any interest in the land in controversy; deny that Napoleon B. Murff and Edwin R. Lacey sold to him said land or executed to him a deed thereto, and deny the genuineness of the letters to him from said Murff and said Lacey, described in the amended petition. They deraign title to the land to Napoleon B. Murff's acquisition of it; and, further answering, say: "* * * your Defendants show that the said Charles D. Murff is estopped from now claiming any right, title or interest in and to the hereinabove described property for the reason that, prior to the filing of this suit he has made no judicial demand upon your Defendants or their ancestors in title for any interest, right or title in and to said described property, and for the further reason that plaintiff has waited until after the death of all witnesses who could have any direct knowledge of the alleged purported instruments relied upon by plaintiff; and, therefore, by virtue of his laches he is estopped to now claim any right in and to said described property, which estoppel is hereby especially pleaded."
They pray that plaintiff's demands be rejected. There was judgment accordingly and plaintiff appealed.
The lower court held that the proof adduced by plaintiff was not sufficient to establish the execution of the deed alleged upon.
Defendants below, took the position that because of the unreasonable delay in advertising the loss of the deed and lack of proper means taken to recover it, plaintiff has forfeited the right to sue upon it and/or establish its contents. That position is urged in this court in advance of a discussion of the merits. We have reached the conclusion that the point is well taken. Therefore, we abstain from summarizing the bases of other propositions urged by defendants which should be considered and passed on, if at all, in advance of the merits.
We shall approach consideration of these questions out of logical order. Instead of first deciding whether the deed was really executed, as contended by plaintiff, a question not at all free of serious doubt, we shall, for the purpose of disposing of said *Page 409 
issues, assume that the deed was signed by Napoleon B. Murff and Edwin R. Lacey in March, 1919.
The loss of the purported deed was advertised in November, 1938, three months after institution of suit, and nineteen years subsequent to the loss if the instrument ever existed. The only reason assigned for the tardy advertisement, is that during the time between the deaths of Napoleon B. Murff and Judge Murff, the judge repeatedly promised him that he would procure another deed from the record owners. However, he allowed two years to elapse after Judge Murff's death before he decided to advertise the loss.
The Civil Code contains two articles dealing with suits on lost instruments. Art. 2279 provides that when the holder of a written obligation, which is lost, desires to enforce it, proof of its contents may be given, provided the holder shows the loss by competent evidence; and Art. 2280, on the same subject, reads:
"In every case, where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised, within a reasonable time, in a public newspaper, and proper means taken to recover the possession of the instrument."
Plaintiff testified that he searched through some of Napoleon B. Murff's papers and effects soon after his death, but could not find the deed. He admits that Judge Murff, the executor, took possession of the papers and effects of the deceased, not seen by him, and that he requested of the judge the privilege to examine same, but was three times refused. We are not convinced that plaintiff made these requests, nor that he ever searched for the missing deed. It would be passing strange for Judge Murff to refuse plaintiff permission to look over any of the papers of the deceased, and, at same time, according to plaintiff, be promising him to procure a new deed. The logical and sensible thing to have done would be to join plaintiff in the search in the hope of locating the deed and thereby obviate the trouble of having another one executed. Members of the family, in a position to know whereof they spoke, testified that plaintiff did not look through any papers of Napoleon B. Murff, after his death, and that they never heard of him requesting of Judge Murff the right to do so.
There can be no doubt that the lost deed is the foundation of the present suit. Without the deed, or proof of its contents, plaintiff has nothing to stand upon in his efforts to be recognized owner of the land. Therefore, it is obvious that to avail himself of the rule of evidence established by Art. 2280 of the Civil Code, plaintiff is required to have substantially, if not literally, complied with its provision. He certainly has done neither.
There is sound reason for requiring advertisement of the loss of any written instrument, made or intended to be made the foundation of a suit, within a reasonable time after the loss occurred. In case of commercial paper, the public, when advised of the loss, is put on guard not to acquire it. In case of deeds, mortgages, etc., public notice of loss serves to provide information that might lead to recovery of the instrument. Primary evidence of the obligation or instrument is always required when possible. Secondary evidence may only be used in those cases and after complying with requirements specified by law. When it is declared by law that suit on a lost instrument, the foundation thereof, may only be maintained after advertisement of the loss, within a reasonable time, is but the exercise of power inherent in the authority which permits suits of any character in the tribunals of justice.
In addition to the foregoing, it is important to give timely notice of loss while all persons having knowledge of the instrument's execution and existence are living. Of course, suit to enforce the obligation, if exigible, or to have rights recognized thereunder should be filed within a reasonable time.
What may be "within a reasonable time", within the purview of Art. 2280 of the Civil Code, depends as a rule, upon the sort of instrument involved and the circumstances affecting the case. However, a safe rule to follow is to institute search and make the advertisement as quickly as possible; that is, immediately after discovery of the loss. In the present instance, plaintiff delayed nineteen years before advertising the loss and made no search at all.
The courts have many times been called upon to construe Art. 2280 of the Civil Code in the light of the facts of each case.
In Vance v. Cooper et al., 22 La.Ann. 508, plaintiff's demands were rejected because *Page 410 
he delayed advertising loss of the note sued for an unreasonable time. Three years was held to be not "within a reasonable time."
The court, in Tuttle v. Succession of James Burroughes, 9 La.Ann. 494, 495, said:
"* * * We are not prepared to say that such notice has been given, a period of nearly four years having elapsed from the time of the alleged loss to the date of its advertisement."
Lewis, Executor, v. Splane, 2 La.Ann. 754, is referred to.
In Willett v. Andrews et al., 106 La. 319-321, 30 So. 883, 884, the Court, referring to Art. 2280 of the Civil Code, said:
"The rule of evidence laid down in the second article of the Code just cited is controlling when the instrument is made the foundation of the suit, but here the instrument was not made the foundation of the suit, nor has it anything of a commercial character requiring advertisement. A missing link in the chain of title, as in this case, is not necessarily the foundation of the suit, rendering it necessary to advertise in order to be able to prove the loss."
The Court held in Grotevant et al. v. Dorrestein,152 La. 734-736, 94 So. 372, that:
"Civil Code, art. 2280, providing that where a lost instrument is the foundation of a suit or defense it must appear that the loss has been advertised, does not require advertisement of the loss of a deed constituting a link in a long chain of title as a prerequisite to proof of its loss or destruction."
In that case the lost deed was executed by the patentee, many years before the suit arose, between which transfer and that under which plaintiff held, there were several conveyances. The court properly held as it did in the Willett case, supra, that the lost instrument was not the foundation of the case and, therefore, its loss should not be advertised as a condition precedent to proof of its contents.
So far as our examination has extended, the cases cited, involving lost deeds, are all the Supreme Court has considered. Counsel refer to no others. In neither of these cases did the court go farther than to hold that, since the lost deed involved did not form the foundation of the action, lack of advertisement of loss did not prevent proof of loss and contents. It would appear from the language of these decisions that had the action in each been predicated upon the lost instruments, advertisement, as required by Art. 2280 of the Civil Code would have been necessary to sustain the suit. There seems to us no good reason against such a conclusion.
The judgment appealed from is affirmed.