In this case plaintiff seeks a judgment against the defendant in the sum of $1,600, for the loss of his automobile in the sum of $1,100, and for pain, suffering, inconvenience and trouble in the sum of $500, arising out of a collision between plaintiff's automobile and that of defendant on Saturday, May 18, 1944, at about 11:00 A.M., while plaintiff was driving west on U.S. Highway 90, near a night club located west of the entrance to the Cities Service Refinery, several miles west of the City of Lake Charles, and while defendant was travelling east on the said highway in the direction of Lake Charles.
He alleges that he was driving on his right hand side at about a speed of 35 miles per hour, without any traffic in front of him; that after he had passed an entrance to the Continental Oil Company, and before reaching the night club, defendant, without any signal or indication, in order to enter the premises of the night club, made a left turn directly in front of him and when he was so close to the point of impact that he was unable to stop or turn aside to avoid the accident. He charges that the accident was caused solely by defendant's negligence in thus making the left turn.
The defendant answered and denied any negligence on his part, and contended, on the other hand, that the accident happened through plaintiff's own gross negligence. In the alternative, he pleads that plaintiff had the last clear chance to avoid the accident. He further pleads, in the alternative, the gross contributory negligence of plaintiff as a bar to plaintiff's recovery. The defendant then assumes the position of plaintiff in reconvention and seeks a judgment against plaintiff for damages to his automobile and for personal injuries caused to him by the collision, together with medical expenses.
Defendant had a collision insurance policy to the amount of $500 with the Employers Casualty Company, for which amount defendant subrogated the insurance company. The insurance company appeared and intervened in the suit by joining defendant in the defense of the suit, and reconvened for a judgment in said sum. *Page 653 
In defendant's car, there were two passengers, employees of defendant who worked at the night club, namely: Tiney Cortez and Jimmie Honneycutt; each of these filed interventions and seek judgment against the plaintiff for alleged injuries received in said accident.
On the issues thus made, the case was tried, resulting in a judgment in favor of plaintiff for the sum of $1,100 for the loss on his car and $300 for personal injuries, making a total of $1,400, and costs, against defendant R.C. Stephens. There was further judgment disallowing the reconventional demand of defendant Stephens; and the interventions of the Employers Casualty Company, of Tiney Cortez, and of Jimmie Honneycutt were dismissed and disallowed at defendant's and intervenors' cost. The defendant and the intervenors have appealed.
[1] As is generally the case in such suits as this one, the evidence on many important and essential facts is conflicting and irreconcilable. This case depends on a conclusion of fact to be found, and unless we can find manifest error committed by the trial judge, we should approve his finding.
[2] It is well established in our jurisprudence and in our law that the making of a left turn on a much travelled highway is a very dangerous operation, requiring great care and caution. The responsibility for seeing that such a left turn can be made in safety is placed upon the driver desiring to make such left turn. The law, Highway Regulatory Act of 1938 (Rule 9, Section 3 of Act 286), requires a driver to ascertain before making such a left turn that there is no traffic approaching from either direction which will be unduly or unnecessarily delayed and requires him to yield the right of way to such approaching traffic.
In the light of the above jurisprudence and law, the main question involved herein is as to how far the plaintiff was from the defendant when the defendant began to make the left turn across the highway into the premises in front of the night club.
It is the contention of the plaintiff that he was not over 75 feet from defendant when the defendant slowed down and began to make a left turn across the highway to enter the premises of the night club in front of him; that he was then travelling at a speed of 35 miles per hour; on account of the oncoming traffic in the rear of defendant, he could not go to the left; he did everything within his power to avoid running into the defendant; that despite his carefulness he ran into the rear right side of defendant's automobile, while said automobile was in his lane of travel on the paved portion of the highway.
Defendant contends that he was at least 200 feet from the plaintiff's car when he began the left turn and had entirely completed the left turn and had entirely cleared the paved portion of the highway, the rear portion of his automobile being some three feet off of the paved portion of the said highway and that the said accident occurred on the shoulder and premises of the night club. He further contends that prior to the accident, he had been travelling at a rate of 20 to 25 miles per hour, had reduced his speed to approximately 10 miles per hour when he began to make the left turn and probably was travelling at the speed of 5 miles per hour at the time of the accident.
Without reviewing what each witness testified to, we deem it sufficient to say that plaintiff and his witnesses testified in accordance with plaintiff's contention, while defendant and his witnesses likewise testified in accordance with defendant's contention. Thus it can be seen that there is a conflict as to how far the plaintiff was from the defendant when defendant began the left turn and where the accident happened.
[3] After analyzing the testimony in the case, the trial judge, with reasonable certainty, came to the conclusion "that at the time this defendant began to make his left turn across the highway he was not in excess of 70 or 75 feet from the plaintiff's oncoming car, which was leading a line of traffic coming in the opposite direction; that the defendant attempted to make this left turn while travelling not in excess of 10 miles per hour; that the plaintiff was approaching in his own proper North lane of traffic at a rate of speed not in excess of 40 miles per hour. It appears to this court that the plaintiff applied his brakes at least 30 feet before the impact in an effort to prevent the collision.
"With this conception of this case, this Court is clearly of the opinion that this defendant in attempting to make a left turn on this highway did not use the proper care and caution such as the law requires in making sure that the way was clear and that no on-coming automobile was close enough to be collided with. The responsibility *Page 654 
was on him to see that he could make such a left turn in safety, and in his failing to do so he was negligent, in the opinion of this Court, and this negligence was the proximate cause of this accident and the resulting damage.
"This Court can see no contributory negligence on the part of the plaintiff, but on the other hand, it appears to this Court, that he made every effort to avoid the accident as soon as he was confronted with the emergency.
"Nor can this Court see where the doctrine of the last clear chance would have any application in the present case."
The trial judge, although not clearly holding such, inferentially came to the conclusion that the accident happened on the paved portion of the highway and not on the shoulder and/or premises of the night club.
After a careful review of the record, together with the briefs filed therein, we fail to find any manifest error in the trial judge's conclusion as to liability. To the contrary, we are firm in our opinion that the accident was due solely to the negligence of the defendant. We therefore affirm the judgment of the lower court as to liability.
 Quantum.
In plaintiff's petition, Article 9, plaintiff averred that his automobile was completely demolished and was a total loss, and in Article 10, plaintiff averred that his automobile, at the time of the accident, was worth the sum of $1,100. These two allegations were denied by defendant Stephens in his answer.
When the case was called for trial, counsel for defendant, in open court, admitted the allegation of Article 10, whereupon the counsel for plaintiff made a verbal motion to amend Article 10 of plaintiff's petition so as to read that the automobile was worth $1,850, instead of $1,100 as alleged. Defendant objected to the oral amendment "for the reason that it catches counsel for the defendant by surprise and further that it is not a proper time to make such an amendment after trial has commenced. Also the amendment should be in writing." The objection was sustained, and a bill of exception was reserved and evidence taken thereunder. After the trial, and in his reasons for judgment, the trial judge recalled his ruling and considered the evidence offered on the bill of exception, basing his latter ruling on the ground that such an amendment was more in the nature of an explanation so as to show how the amount of the alleged loss was arrived at, and that since it did not increase the amount of his original demand, therefore no harm could come to the defendant. Prior to the signing of the final judgment, defendant and intervenors filed a perfunctory motion for a new trial, without specifying any errors committed by the trial judge.
The counsel for defendant Stephens strenuously contends in this court that the lower court erred in recalling his former ruling and in considering the said amendment and testimony thereunder, claiming that the defendant was greatly prejudiced thereby. His chief complaint is that the amendment was not in proper form, not being in writing and cites the case of Wolbrette v. New Orleans Drug Co., 151 La. 649, 92 So. 214. It appears that the Supreme Court did decide that an amendment must be in writing in civil matters, the same as a petition in so far as district court cases which are subject to appeal are concerned.
In contending that the defendant was greatly prejudiced by the action of the trial judge in recalling his former ruling, counsel states that had the lower court not sustained his objection he was ready to show that plaintiff's automobile could have been repaired for $585 and be placed in the same condition that it was at the time of the accident, thus showing a loss of only $585 to the plaintiff.
[4, 5] We are of the opinion that the trial judge committed reversible errors in not, at first, overruling defendant's objection to the filing of an amended or supplemental petition, granting a continuance of the trial, so as to allow plaintiff sufficient time within which to prepare a supplemental petition, in writing, setting forth the true facts as to how plaintiff had suffered a loss of $1,100 on his automobile with right of defendant to answer the same and to offer such proof as to show the real loss suffered by the plaintiff. He also erred in recalling his former ruling in considering the oral motion to amend, and in considering the evidence introduced by plaintiff under his bill of exception, to the prejudice of defendant. He should have granted a new trial as to that item, granting plaintiff a chance, by written supplemental petition to enlarge Article Ten, granting the right to defendant to answer, if he so pleased, *Page 655 
and hear evidence thereon contradictorily with defendant.
[6] As to the amount of $300 allowed by the trial judge to the plaintiff for his pains and suffering, this amount is not excessive. Plaintiff sustained a blow on his chest, one on his head and one on his knee, without any internal injuries. The injury to his knee caused him a limp for some two weeks; the blow on his head caused him to suffer headache for two or three days, and he was confined to his room and unable to work for two days. This award is affirmed.
For these reasons assigned, the judgment appealed from is affirmed in so far as liability is concerned and to the amount of $300 for pains and suffering endured by plaintiff. It is reversed in so far as the item of $1,100 is concerned and the case is hereby remanded to the district court for further proceedings consonant with the views herein expressed. All costs to await the final determination of the suit.