Plaintiff sues the defendant to recover the sum of $1,813.60 for physical pain and suffering and loss of wages he claims to have sustained in an automobile accident between himself and the defendant Roy Broussard while he was driving his 1936 model Pontiac automobile and Broussard was driving a heavy Buick automobile, on the Airline Highway in East Baton Rouge Parish, on February 20, 1946. Plaintiff claims that his car was damaged in the accident and it cost $149.60 for repairs which amount is also included in his total demand.
He alleges that he was driving north on the Airline Highway in the direction of the Mississippi River Bridge and it was his intention to turn left in the highway and then into a driveway leading to Guice's Filling Station which is situated on the west side of the highway; that the highway although consisting of four lanes of travel is so constructed that it has a neutral ground in the center and at regular spaces there is a break in the neutral ground to permit vehicles intending to turn either completely around or into a driveway such as he was attempting to do when defendant ran into his car and caused the damage which he complains of.
He alleges that when he reached the break in the neutral ground where he was to turn he brought his car to a complete stop, looked up and down the highway and then gave a hand signal indicating his intention to turn left. That after satisfying himself that he could make the turn in safety he proceeded to make the left hand turn, crossing the neutral ground and west portion of the highway and had already entered the driveway to the filling station when his car was struck with great force by the defendant's Buick automobile. He avers that at the time of the collision the rear of his car had already cleared the full distance of the western portion of the highway by 15 feet. In order to impress the court with the force of the impact he alleges that his car was lifted over a narrow neutral ground surrounded by a curb 6 inches high, which divides the driveway *Page 644 
leading into Guice's Service Station, and came to rest about 17 feet from where it was struck and that the Buick, after striking his car, turned completely around and came to rest facing the direction from whence it had come.
Plaintiff alleges also that at the time he turned his car to the left he observed the defendant's car proceeding south along the highway but it was then 600 feet north of the place where he was making his turn and that the collision was due entirely to the excessive speed at which defendant was driving as it is shown that his car left the paved portion of the highway about 100 feet north of the point of impact and it travelled the distance between those two points on the dirt shoulder of the road, but because of the excessive speed he was making defendant was unable to stop in time to avoid the collision. He charges the defendant with negligence in all respects as set out and then alleges the injuries he sustained which consisted of a painful shaking up and that two fingers of his right hand were twisted and bruised and so severly injured as to render the use of his hand extremely painful; that his back was also injured and pained him constantly thereafter. He claims that he was laid off from work for 12 days and lost wages in the sum of $164. For all of his injuries and pain and suffering he claims the sum of $1,500.
The defendant for answer denies virtually all of the allegations of plaintiff's petition and then becomes a plaintiff himself in reconvention. He avers that when he saw plaintiff's car he was then approximately 600 feet from the break in the neutral ground leading into the filling station and he had a right to assume that plaintiff who saw or should have seen him would stop before coming into his lane of traffic. Nevertheless plaintiff did not stop while he was in the neutral ground but continued across the highway in the path of his oncoming automobile. That he guided his car to the right as much as he could in an effort to avoid the collision, having travelled on the shoulder of the highway, but his efforts in that direction were unavailable. He avers that the proximate cause of the collision was plaintiffs own negligence in driving his automobile in front of and across the western line of traffic in which he was approaching in his Buick automobile, without stopping and looking to see if he could make the left hand turn in safety.
He also alleges that his automobile was badly damaged and that he himself suffiered injuries to his head and his back. He claims the sum of $751 for the damage to his Buick and $1,800 for his pain and suffering.
In the alternative he avers that if his reconventional demand should be rejected then the plaintiff himself was guilty of contributory negligence in making a left hand turn on the highway without stopping and looking to see that it could be made with safety.
Upon trial in the court below there was judgment in favor of the defendant rejecting the plaintiff's demand and judgment also in favor of the defendant on his reconventional demand in the sum of $751 for the cost of repairs to his automobile and the sum of $100 for physical pain and suffering. From that judgment plaintiff has taken this appeal.
[1] It seems clear that the judgment below is correct in so far as dismissing plaintiff's demand is concerned. The evidence preponderates to the effect that the plaintiff was guilty of gross negligence in that he negotiated the left turn through the neutral ground of the highway without stopping and proceeded across the west lane of travel on the highway after making his turn without paying any attention to oncoming traffic. In other words, he not only failed to stop upon entering the neutral ground, but he failed to keep a proper lookout upon entering the west lane of travel of the highway.
However, we cannot agree with the trial judge that the accident was caused solely by the negligence of plaintiff, Gomez, because on his own testimony the defendant Broussard convicts himself of negligence which contributed to the accident.
Broussard testified that he was driving his 1942 Buick automobile travelling south on the Airline Highway at about 3:20 in the afternoon, going away from the river bridge and at a speed of approximately 35 or 40 miles per hour; that at a distance of *Page 645 
approximately 600 feet he noticed plaintiff Gomez' car travelling north on the extreme right-hand lane of the Airline Highway with another automobile right behind him. He states that Gomez was apparently trying to beat this other car into his left hand turn and that Gomez made a long sweeping turn and let up on his accelerator "or did something, it died or choked down, he came across the neutral ground just jumping and jerking, just like he didn't have any brakes and could not stop it, or the car would not run good." He states that when he perceived that Gomez would not stop in the neutral ground, he assumed his extreme right hand of travel and that as Gomez continued across the highway he cut further to his right, took his foot off the accelerator, and then immediately put his brakes on and that in spite of his every effort to avoid striking the Gomez car, he was unable to do so and struck the Gomez car broadside on the right front door. He estimates the distance at which he perceived that the Gomez car was going to continue across the highway at about 100 feet and that his car, after applying the brakes, travelled some 12 steps on the pavement, which was dry, and then continued with the right wheels on the shoulder, which was wet, a short distance, approximately 25 yards, before he struck the Gomez car and completely demolished his own automobile, which, after striking the Gomez car, wheeled around and came to rest on the shoulder heading northeast. He estimates that the Gomez car, upon making a left hand turn, must have travelled about 37 feet, and that he travelled approximately 600 feet during the negotiation of this left turn. He states: "At all times I kept my eyes on his car trying to avoid the accident. Tried to figure out which way the man was going to go." He denies that he was going at a great rate of speed and he maintains that he did not realize that Gomez would fail to stop when entering the western lane of the highway until after he had entered the western half, and that at that time he was within 100 feet of the Gomez automobile and that he took his foot off the accelerator and thereupon applied his brakes, and that the squeak in his brakes apparently alerted Gomez in his efforts to get across the highway, but that, in effect, when he perceived that Gomez would cross over the highway, he was too far to his right to cut back to the left.
It will be noted from this testimony that the facts are somewhat similar to the case of Redden v. Blythe, La. App.,12 So.2d 728. In the Blythe case the on-coming automobile, driven in a reckless manner, was perceived at a distance of 500 feet, and the court there held that the other driver was put on guard of a possible emergency, and should then and there have exercised caution by slowing down and having his car under complete control.
[2] In this case at bar it will be noted that although this is a four-lane highway with a neutral ground in the middle, the defendant Broussard admits having seen plaintiff Gomez coming from the opposite direction at an apparent rapid speed and with the obvious purpose of crossing over to the left to beat the car behind, at a distance of some 600 feet. There is no showing that he in any way slowed down upon seeing this maneuver, but apparently operated on the assumption that the Gomez car would stop when entering the neutral ground and he made no attempt to slow down or apply his brakes until when within 100 feet of the point of impact, and obviously he must have been travelling at a high rate of speed to have failed to have brought his car under control within even that short distance and to have crashed with such terrific force into the Gomez car. It is our conclusion that the defendant Broussard also was guilty of negligence, contributing to the accident.
It is therefore ordered that the judgment below be amended by dismissing defendant's reconventional demand and that accordingly there be judgment dismissing both the main demand of plaintiff and the reconventional demand of defendant, all costs of both courts to be paid by plaintiff and defendant in equal proportion, that is, one half by each litigant.
ELLIS, J., absent. *Page 646