44 So.2d 352 (1950)
MALONE
v.
FLETCHER et al.
No. 3216.
Court of Appeal of Louisiana, First Circuit.
February 17, 1950.
Thomas C. Hall, Lake Charles, for appellant.
Thos. F. Porter, Lake Charles, Thos. L. Raggio, Lake Charles, for appellees.
DORE, Judge.
This is a suit for damages resulting from a collision between the 1938 Hudson automobile of plaintiff and the automobile of defendant H. B. Fletcher, which occurred on March 6, 1947, at about 5:20 p. m. on U. S. Highway 90, between Lake Charles and Sulphur. The highway at the point of collision, runs East and West, is concrete, straight and level, and at the time of the collision, visibility was excellent. The plaintiff was driving West and defendant Fletcher was driving East. As plaintiff reached a point at about 500 feet East of a nightclub then known as the "Pleasure Club, he made a left turn to proceed into a driveway leading to his living quarters, and as he entered the South portion of the highway, the car driven by Fletcher ran into plaintiff's car, striking it on the right front and then swinging around and then striking the right rear fender of plaintiff's car. As a result of the collision, plaintiff was knocked unconscious and remained in that condition for several minutes after the accident and later had to be hospitalized and treated for some five weeks. He sustained severe personal injuries and damage to his car, and brings this action against defendant H. B. Fletcher as the driver of the car which struck him, and the General Gas Corporation, owner of the car and employer of Fletcher, and the Hartford Accident and Indemnity Company, insurer of General Gas Corporation.
Plaintiff's suit is based on the allegations that the accident was caused solely by the negligence of defendant Fletcher, principally in driving at an excessive rate of speed, and in failing to see his signal for a left turn, and to proceed at such a rapid speed even after a signal was given and the left turn was being negotiated. Plaintiff contends that he gave a signal of a left turn some 60 feet prior to the point where he turned, at which time he saw defendant Fletcher's car, and had ample time to negotiate the turn if Fletcher had been proceeding with due care.
The defense is to the effect that the plaintiff either gave no signal before making *353 the turn, or did so such a short moment before making it, that it could not be perceived by the oncoming driver, and that consequently, the sole proximate cause of the collision was the negligence of plaintiff in improperly negotiating the left turn and failing to give the right-of-way to oncoming traffic.
After trial of the case, the trial judge came to the conclusion that plaintiff was guilty at least of contributory negligence which was a proximate cause of the collision, and, accordingly, dismissed the plaintiff's suit. He did not go into the question as to whether or not defendant Fletcher was guilty of any negligence for the reason, as stated in his written reasons for judgment, that no reconventional demand was made by the defendants. Plaintiff has appealed.
The question presented in this case is entirely factual. The law involved, as set forth by the trial judge, is well settled, as follows: "* * * that the burden is on the operator of a motor vehicle who desires to make a left turn, carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic, and he must yield the right of way to such vehicles," Citing Michelli v. Rheem Mfg. Co., La. App., 34 So.2d 264; Gomez v. Broussard, La.App., 34 So.2d 643; Lane v. Bourgeois, La.App., 28 So.2d 91; Seale v. Stephens, Employer Cas. Co., La.App., 24 So.2d 651; Home Insurance Co. v. Warren, La.App., 29 So.2d 551.
The evidence is clear that the Fletcher car was traveling at a rapid rate of speed of approximately sixty-five miles per hour and that plaintiff was traveling at a very slow rate of speed. There is some conflict as to whether or not the Fletcher automobile immediately, prior to the collision, passed another car traveling East, but the large preponderance of the evidence is that it did not do so. There is also conflict in the testimony as to whether or not the plaintiff made a left-hand signal before attempting the left turn, and if so, at what distance from the turn. The preponderance of the evidence is to the effect that he probably put his hand out just as he arrived at the place of turning and then pulled his hand back in to complete the turn. The evidence also is to the effect that at the time he made his turn, the Fletcher automobile was not more than 500 feet and probably only 300 feet from him, and that Fletcher, upon perceiving plaintiff's car in his path, immediately applied his brakes in an attempt to avoid the collision, but that it was too late, and consequently, he crashed into plaintiff's car.
Another question in dispute is as to the actual point of collision. The plaintiff contends that he was struck on the shoulder after he had completed his left turn and that if defendant Fletcher had continued on the paved South strip of the highway, there would have been no collision. In his supplemental brief, plaintiff makes this his main contention, stating:
"Did the collision occur off the concrete?" If it should be found that it did, then the plaintiff did in fact determine that the turn could be made in safety and when, where, or how he signalled is unimportant, as even if improperly given it was not the proximate cause of the accident.
"It is respectfully urged that the evidence shows as set out in the original brief herein, that the collision occurred on the shoulder of the road and there would have been no accident if Fletcher had maintained a steady course."
Even if plaintiff's contention were correct that the collision occurred on the shoulder and not on the pavement, it appears to us that from the evidence that his maneuver in making the left turn ahead of a rapidly traveling, oncoming car was negligent and that he thereupon created an emergency which Fletcher tried to overcome to the best of his judgment. However, the large preponderance of the evidence is that Fletcher never left the pavement, and that consequently, plaintiff Malone had not completed his left turn at the time of the collision.
It appears to us inescapable, as found by the trial judge, that plaintiff Malone, having seen the approaching car, should have conceded the right-of-way to *354 the approaching car and waited until it had passed him before negotiating the left turn. He therefore did not sustain the responsibility of being certain that the turn could be made without danger to oncoming traffic as required by law, and he has therefore failed to sustain the burden of proving his case. From the evidence, we fail to find any negligence whatsoever on the part of defendant Fletcher, but regardless, we are firmly convinced that the conclusion of the trial judge that plaintiff was guilty of negligence, which was a proximate cause of the accident, is correct, and therefore, the judgment appealed from is affirmed.
J. CLEVELAND FRUGE, J., sitting ad hoc.