45 So.2d 557 (1950)
CHAPMAN
v.
TRAVELERS INDEMNITY CO. et al.
No. 3232.
Court of Appeal of Louisiana, First Circuit.
March 28, 1950.
*558 Reid & Burch, Amite, for appellant.
Durrett & Hardin, Baton Rouge, for appellee.
DORE, Judge.
This is a suit for personal injuries allegedly sustained by the plaintiff in a collision between a Chevrolet automobile driven by her husband, Thomas E. Chapman, in which she was riding as a guest, and a Ford automobile being driven by Mrs. Paul Nicolosi, which occurred on December 13, 1945, at about 4:30 P.M., on United States Highway No. 190, between Baton Rouge and Hammond, approximately three miles West of Hammond. The highway at the point of collision runs East and West, is concrete, eighteen feet wide, and straight and level, but at the time of the accident visibility was very poor since it was apparently drizzling at that time and had rained hard shortly before. The plaintiff's husband, accompanied by plaintiff, who was riding on the front seat to his right, was driving West, and Mrs. Nicolosi was driving east, and as she made a left turn to enter the driveway of her home, located on the north side of the highway, the right rear fender of the Chapman automobile struck the right rear fender of the Nicolosi automobile and then swerved towards the south lane of the highway and struck an oncoming truck. In the collision, Mrs. Chapman, the plaintiff, was thrown out of the car and into the ditch on the north side of the highway. She was rendered unconscious as a result of her injuries and was taken to the Wiginton Infirmary, in Hammond, for treatment. She filed suit against the Travelers Indemnity Company as insurer of her husband and also against Mrs. Nicolosi as driver of the Ford automobile and Mrs. Nicolosi's husband, on the allegation that she was on a family mission, demanding damages for personal injuries in the total sum of $21,000.
The petition in effect alleges that the accident was caused by the negligence of plaintiff's husband or the negligence of Mrs. Nicolosi or the concurrent negligence of both. In her petition she relies on the doctrine of res ipsa loquitur on the theory that how the accident occurred is within the knowledge of the respective drivers of the two cars and that it is incumbent upon each driver to prove freedom of negligence; otherwise, under the doctrine, if either should fail to establish freedom of negligence, he or she should be held guilty thereof and judgment granted accordingly to the plaintiff. In the alternative, she does allege negligence on the part of both her husband and Mrs. Nicolosi.
The defendant, Travelers Indemnity Company filed an exception of no cause and no right of action on the ground that since the law deprives her of any right of action against her husband that it should follow that she should have no right of action against her husband's insurer and that the jurisprudence to the contrary is incorrect. Judge Robert S. Ellis, Jr. overruled the exception, basing his decision on the Supreme Court decisions which grant a direct right to a wife against her husband's insurer.
The defense of Travelers Indemnity Company in its answer is to the effect that their assured was guilty of no negligence which contributed to the accident and that the sole proximate cause of the accident was the negligence of Mrs. Nicolosi in attempting to negotiate a left turn in the face of the oncoming Chapman car when she knew or should have known that she had insufficient time to complete her turn. This defendant, in the alternative, pleads that in the event their assured should be found guilty of any negligence contributing to the accident, then in that case, Mrs. Chapman should be found guilty of contributory negligence barring her recovery based on the theory that she in no manner made any protest about any of the alleged acts of negligence of her husband in spite of the fact that she was sitting by him on the front seat of the Chevrolet automobile and was in a position to observe his actions.
The defense of Mrs. Nicolosi is to the effect that the accident was caused solely by the negligence of Mr. Chapman and that she was free of any negligence. She contends that she had already completed her left turn and was off the pavement when the Chapman car struck the rear of her car and that the only reason for the collision was that Chapman was driving at an excessive *559 rate of speed and was not keeping a proper lookout and keeping his car under proper control; that she had given a left signal a considerable distance before making her turn, and that this signal was not heeded by Chapman.
Mr. Nicolosi makes the same defense as his wife, plus the additional defense that at the time of the collision she was not on any mission on behalf of the community, but was strictly on a personal mission.
After trial of the case, the trial court rendered judgment in favor of plaintiff, and against the defendant, The Travelers Indemnity Company, in the sum of $3,000.00, plus legal interest and costs. From the judgment, the defendant, The Travelers Indemnity Company, has perfected the present appeal and urges the same exception and defenses which it made in the lower court. The plaintiff has answered the appeal by praying that the judgment be increased from $3,000 to $10,000, or, in the alternative, that it be affirmed.
The judgment also dismissed the suit against the defendants, Mr. and Mrs. Nicolosi, and since the plaintiff has made no appeal from the judgment, in so far as these defendants are concerned, they are no longer involved as parties in the case on this appeal.
The only question before us on appeal is whether or not the judgment rendered by the trial court in favor of plaintiff against Travelers Indemnity Company in the sum of $3,000, with interest and costs, is correct, or if incorrect, whether it should be dismissed, or whether the judgment should be increased.
The first question to be considered is whether or not the exception was correctly overruled. On that question, the jurisprudence of this state supports the right of action of plaintiff against the insurer of her husband. The last decision of the Louisiana Supreme Court on that point is the case of LeBlanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245, 246, in which is stated: "Furthermore, the plea of inter-spousal immunity, available to the husband in defeating any recovery sought by his wife for injuries sustained by her through his negligent operation of an automobile, is personal to him and, therefore, not available to the insurer of the husband's employer. See Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191, and Ruiz v. Clancy, 182 La. 935, 162 So. 734."
In view of the jurisprudence we hold that the exception of no right or cause of action was correctly overruled.
On the merits we have the testimony of Mrs. Paul Nicolosi, of Mrs. Chapman, the plaintiff, and of Fred Ratliff, driver of a gas truck, who was following the Nicolosi automobile, and Mrs. Josephine Costanza.
Mrs. Nicolosi testifies that for about 300 feet or more before meeting the Chapman car she was driving very slowly with her left hand extended outside of her car and she further states that she was being followed by two trucks and that they were driving very slowly, it being apparent that they were awaiting a clearance of the west bound lane. She further states that when the Chapman car approaching the west bound lane came within approximately 50 feet of her car, she made a quick left turn directly into the path of the oncoming Chapman car and towards the private driveway of her home. She contends that her car was completely on the shoulder of and off of the highway and that it was struck on the right rear fender by the right rear fender of the Chapman car.
The testimony of the truck driver immediately to her rear, Mr. Fred Ratliff, corroborates Mrs. Nicolosi's testimony with reference to her maneuvers in driving slowly and having her hand extended outside the left window of her car, indicating some sort of signal. He states that he slowed down because he had no idea as to which side of the highway Mrs. Nicolosi planned to turn since there were several driveways along both sides of the highway near this point. He further states that when she was approximately 50 feet from the Chapman car and almost stopped, she made a quick left turn and that the Chapman car thereupon applied his brakes and skidded in such manner that the right rear fender of the Chapman car struck the right rear fender of the Nicolosi car and thereupon swerved on to *560 his truck striking his truck with the left fender and continuing along the left side of his truck and about the same time the second truck struck the rear of his truck and pushed it into the ditch on the south side of the highway. His testimony is to the effect that the Chapman car never left the highway and that the only parts of the Chapman car which were damaged were the right rear fender where it struck the Nicolosi car, and the left rear fender where it came in contact with his truck. From his testimony it does not appear that the Nicolosi car could have been completely off the highway as testified by her.
Neither Mrs. Nicolosi nor Mr. Ratliff could estimate the speed of the Chapman car.
Mrs. Chapman's testimony as to how the accident happened is very vague in the most part and it is apparent that she is relying mostly on the doctrine of res ipsa loquitur on the theory that it was incumbent on the drivers of the two colliding vehicles to prove freedom from negligence. She does testify that she has no recollection of making any remonstrance to her husband for driving negligently; that her husband was a careful driver; that just prior to the accident he was driving at his usual speed and with his usual degree of care and that although on prior occasions she had remonstrated with him, she remembered making no such remonstrance prior to this accident; that in effect he was driving at his usual speed of about 45 miles per hour. It is significant to note that she testifies that when she observed Mrs. Nicolosi's car making a quick turn in front of them, that she threw her hands over her eyes and screamed, "Look at that fool woman." Her testimony is to the effect that Mrs. Nicolosi's car loomed up in front suddenly and she thereby corroborated the testimony of Mrs. Nicolosi and of Mr. Ratliff, that Mrs. Nicolosi made a quick turn just before Chapman got to her.
The other witness, Mrs. Josephine Costanza, testified that she lived on the south side of the highway about 100 feet from the highway and that she was sitting on her porch which was approximately level with the highway; that she witnessed the whole accident, and that when Mrs. Nicolosi negotiated the left turn the Chapman car was about 100 feet east of the Nicolosi car (she first said one block, but on cross-examination, admitted that the distance was approximately the same as the distance of her porch from the highway; that is, about 100 feet). She further stated that when the collision occurred the Nicolosi automobile was off the pavement and on the shoulder. She admitted, however, that she did not see the Nicolosi car after the accident, because she could not cross the highway due to the fact that so many automobiles and people had arrived at the scene immediately after the accident. She also admitted that her porch was practically level with the highway and it is difficult to see how she could tell the position of the Nicolosi car at the time of the collision. Her testimony does not impress us.
The above just about sums up all the testimony introduced at the trial. The plaintiff contends that defendant should have placed her husband, the assured of defendant, on the stand and that its failure to do so established the presumption that his testimony would have been adverse to defendant. The defendant attempted to call plaintiff's husband on cross-examination, but was met with the objection of plaintiff, which objection was sustained. Plaintiff's husband could just as well have been called by plaintiff herself as her witness. We agree with the contention of the counsel for defendant that the testimony of this witness, if prejudicial, would naturally have been in favor of his wife's case, and we do not believe, in view of that fact, that the defendant can be blamed for not using him as its witness.
The same point is raised by the plaintiff with reference to the failure of defendant to place a Mr. Armstrong, driver of the truck proceeding in the rear of the truck being driven by Mr. Ratliff, on the stand. An attempt was made by defendant to secure the testimony of this witness and it seems that he was present on former occasions when the case was called for trial, but on the morning of the trial he had left town on a trip for his company, and hence, his testimony was dispensed with. Also, as *561 brought out by counsel for defendant, this witness was just as available to the plaintiff as to the defendant, and could have been called by her as readily as by defendant. We cannot agree with plaintiff's contention that it must be presumed that this witness would have testified adversely to the defendant.
The facts established by the evidence in this case are similar to the facts in the case of Malone v. Fletcher, La.App., 44 So.2d 352, recently decided by this court and which also involved a quick left turn. In that case, we stated that the law involved was as follows: "* * * that the burden is on the operator of a motor vehicle who desires to make a left turn, carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic, and he must yield the right of way to such vehicles." Citing Michelli v. Rheen Mfg. Co., La.App., 34 So. 2d 264; Gomez v. Broussard, La.App., 34 So.2d 643; Lane v. Bourgeois, La.App., 28 So.2d 91; Seale v. Stephens, 24 So.2d 651; Home Insurance Co. v. Warren, La.App., 29 So.2d 551.
We also found that the Fletcher car was traveling at approximately 65 miles per hour and the plaintiff (on making a left turn), was traveling at a very slow rate of speed. We also found that the preponderance of the evidence showed that the individual making the left turn had made a left turn signal about 60 feet before negotiating his turn and at that time the oncoming automobile was some 300 feet from him. In the cited case, visibility was good and the road dry. In the case at bar, the road was wet and visibility was poor. Also, in the case before us, the Chapman car was traveling about 45 miles per hour as contrasted with 65 miles per hour in the cited case, and in the case at bar, the left turn was negotiated when the oncoming car was not more than 100 feet and probably 50 feet from the car making the left turn, whereas, in the cited case, the oncoming car was probably 300 feet from the car making the left turn. In both cases, the drivers of the cars applied their brakes, as soon as the other car was seen, in an attempt to avoid a collision. In both cases, there is the question in dispute as to the actual point of collision. In both cases it is contended that the collision actually occurred off of the pavement. In the cited case we stated [44 So.2d 353]:
"Even if plaintiff's contention were correct that the collision occurred on the shoulder and not on the pavement, it appears to us that from the evidence that his maneuver in making the left turn ahead of a rapidly traveling, oncoming car was negligent and that he thereupon created an emergency which Fletcher tried to overcome to the best of his judgment. However, the large preponderance of the evidence is that Fletcher never left the pavement, and that consequently, plaintiff Malone had not completed his left turn at the time of the collision.
"It appears to us inescapable, as found by the trial judge, that plaintiff Malone, having seen the approaching car, should have conceded the right-of-way to the approaching car and waited until it had passed him before negotiating the left turn. He therefore did not sustain the responsibility of being certain that the turn could be made without danger to oncoming traffic as required by law, and he has therefore failed to sustain the burden of proving his case. From the evidence, we fail to find any negligence whatsoever on the part of defendant Fletcher. * * *".
It is our conclusion that the negligence of Mrs. Nicolosi is exactly the same as that of Malone in the cited case, and that, consequently, her negligence was the sole proximate cause of the accident, and further, that the evidence shows that Mr. Chapman was free of negligence in the same manner that Fletcher was free of negligence in the cited case.
In so far as plaintiff's reliance on the doctrine of res ipsa loquitur is concerned, we are of the opinion that this doctrine can be properly applied only to cases in which the defendant has entire knowledge and complete control of the only instrumentality or mechanical device involved in the accident, which is definitely not the case here. Dunaway v. Maroun, La.App., 178 So. 710.
*562 Therefore, it is our conclusion that plaintiff has failed to establish any negligence on the part of Chapman, and we do not agree with the trial judge that the plaintiff has sustained the burden of proof. The trial judge's main reason for holding Chapman negligent is the fact that it was definitely shown that Mrs. Nicolosi signaled her intention of making a left hand turn about 150 feet before making the turn, and that: "It is reasonable to believe that if the witness Ratliff could see the signal given by Mrs. Nicolosi, * * *, that Chapman should have also seen the signal and governed himself accordingly. His failure to observe the traffic signal given by Mrs. Nicolosi constituted negligence on the part of Chapman, who proceeded West at a rather rapid rate of speed and collided with the rear end of the Nicolosi car after she had completed her turn and was off of the paved portion of the highway, which negligence was the proximate cause of the accident and the resulting injuries and damages."
We cannot agree with the trial judge that the left hand signal of Mrs. Nicolosi could be seen as easily by Chapman as by Ratliff for the reason that Ratliff was immediately in the rear of the Nicolosi car, whereas, Chapman in the oncoming car was probably some 300 feet to the west at the time she began her signal, and visibility was poor, and he obviously had to center his attention to his lane of traffic. Moreover, we cannot agree with the trial judge that Chapman was driving at an excessive rate of speed, nor do we agree with his statement that Mrs. Nicolosi had completed her turn and was off of the paved portion of the highway.
It is our opinion that even if the doctrine of res ipsa loquitur would apply in this case, that the evidence absolves Chapman of any negligence and, therefore, the case against the defendant should have been dismissed.
We concede that the finding of fact of the trial judge must be seriously considered and that if it is not manifestly erroneous, the judgment should be affirmed, but we strongly disagree therewith.
For these reasons assigned, the judgment appealed from is annulled, reversed, and set aside. It is now ordered that there be judgment in favor of the defendant and against plaintiff, dismissing her suit at her costs.