SAVOY, Judge.
This is a suit by plaintiff against the defendants for the restoration of a lost deed and to partially cancel a succession judgment as a cloud on plaintiff’s title.
For a cause of action plaintiff alleged that on October 8, 1934, Dr. Thomas H. Watkins, now deceased, acquired certain property described in his petition situate in the Parish of Cameron, Louisiana; that on or about October 10, 1934, the said Dr. Watkins conveyed an undivided i^th interest in said property to W. B. Conover and an undivided 1/6th interest to W. V. Conover; that shortly after the execution of the deed mentioned above to the Conovers, Dr. Watkins, for valuable consideration, executed in favor of plaintiff a deed conveying an undivided one-third interest in the property originally purchased by the said doctor; that the said deed contained an acknowledgment of the receipt of the purchase price and also contained the usual warranty clauses; that plaintiff did not record the deed wherein he had acquired the property from Dr. Watkins because it was either lost, mislaid or destroyed, and after a diligent search plaintiff was unable to find said deed; that he has advertised in the Lake Charles American Press the loss of said deed in the manner required for lost instruments; and that on March 27, 1950, defendants were recognized and placed into possession as the owners of the property owned by Dr. Watkins, and particularly recognized as the owners of an undivided two-thirds interest of the property described in the instant case. Plaintiff prayed that there be judgment in his favor and against the defendants, cancelling and erasing from the records of Cameron Parish, Louisiana, that portion of the judgment insofar as said judgment affects his undivided one-third interest in the property described in the instant case, and also prayed for judgment against the defendants restoring the said lost deed from Dr. Watkins to himself.
■ Defendants filed a general answer denying generally all of the material allegations of plaintiff’s petition.
Kerr-McGee Oil Industries, Inc., intervened in the suit alleging that they had acquired from the defendants for valuable consideration an oil, gas and mineral lease on the property involved in this suit, and asked that their lease be recognized. By stipulation of all parties, it was agreed that the lease granted by defendants to Kerr-McGee Oil Industries, Inc., was a valid and existing lease. Kerr-McGee obtained a judgment to that effect. Since neither plaintiff nor defendants has appealed from that judgment, the intervenor is not before this Court.
On the day of the trial of this case in the district court, after the parties had announced ready for trial, attorney for plaintiff asked that an amended petition filed on behalf of plaintiff be allowed and filed in the record. The amendment consisted of the allegation that the discovery of the loss of the deed was about the middle of 1959. Defendant objected to the allowance of the amended petition on the ground that there was no order authorizing the filing of said amended petition and that the filing was too late. The Court stated that it was within its discretion to allow the filing as of that *120 date and would allow the defendants a continuance if they desired same. Counsel for defendants stated that he did not want a continuance. Thereafter, the court wrote out an order and allowed said amended petition to be filed.
It is the opinion of this court that the action of the trial judge in allowing the amended petition on the date of the trial was proper.
In the case of Seale v. Stephens, (La.App., 1 Cir.) 24 So.2d 651, 210 La. 1068, 29 So.2d 65, the Court of Appeal and the Supreme Court both held that an amended petition may be allowed even after the trial has commenced. In the instant case, the trial judge agreed to grant the defendants a continuance if they so desired. Having elected not to do so, and having gone to trial, they have not been prejudiced by the action of the trial judge.
Counsel for defendants objected to parol evidence on the ground that it is never admissible to establish a title, and also that under the provisions of Article 2280 of the LSA-Civil Code, in every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised for a reasonable time in a public newspaper, and proper means taken to recover the instrument. The trial judge overruled the objections made by counsel for defendants, reserved his ruling on the evidence pending a termination of the trial on the merits, and after the conclusion of the trial overruled the objections made by counsel for defendants.
It is the opinion of this Court that the ruling of the trial judge was correct.
This suit is not one to establish title to real estate, but is one for the restoration of a lost deed, and parol evidence is admissible for that purpose.
Plaintiff introduced in evidence an oil, gas and mineral lease executed by Dr. Thomas H. Watkins on October 7, 1947. The lease states that the property is owned in indivisión one-third by Dr. Watkins,, one-third by Judge Barbe, and one-third by W. V. Conover and the heirs of W. B. Con-over, deceased. There is also in evidence payment to Dr. T. H. Watkins and Judge Alfred M. Barbe one-third each of the amount of the lease. The checks are dated October 7, 1947, and are endorsed by Dr. T. H. Watkins and Judge Alfred M. Barbe. There is also in the record depositions of W. V. Conover that the property in the instant case was leased for farming purposes;: that Dr. Watkins and Judge Barbe agreed to the leasing of the property; that the rice crop was sold to Louisiana State Rice Mill; that the rice milling company sent a check personally to Conover and that he returned the check with the instructions that three checks be made, one-third to Conover, one-third to Judge Barbe and one-third to Dr. Watkins.
George McCain, a rice farmer, testified that he farmed the land in this case, that he went to see Dr. Watkins about leasing the land for the raising of rice, and Dr. Watkins told him that he, Conover and Judge Barbe owned it and that it was all right with him to lease the property if it was agreeable to the other parties. He testified that he planted the rice crop on the property, but that because of salt water this was later discontinued.
Defendants contend that plaintiff should not be granted judgment in this case for the reason that under the provisions of LSA-C. C. Articles 2279 and 2280 where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the instrument. Counsel for defendants in support of this contention cited the case of Murff v. Murff, (La.App., 2 Cir.) 1 So.2d 407, in which the plaintiff delayed nineteen years before advertising the loss and made no search at all.
The trial judge determined that plaintiff did not know of the loss of this deed until late in 1959. The advertisement showing *121 loss of the deed appeared in the Lake Charles American Press on January 23rd ■and 27th and February 1st, 1960.
The trial judge concluded that under the circumstances the loss of the deed was advertised within a reasonable time after •discovery. “What is a reasonable time” under the provisions of LSA-C.C. Article 2280 is a matter of fact to be determined in -each particular case.
We agree with the holding of the trial judge that the lost instrument was advertised within a reasonable time after the ■discovery of the loss thereof.
For the reasons assigned, the judgment of the district court is affirmed. Defendants are to pay all costs of this appeal.
Affirmed.