45 So.2d 438 (1950)
TONEY et al.
v.
BURRIS.
No. 3236.
Court of Appeal of Louisiana, First Circuit.
March 28, 1950.
Delos R. Johnson, Franklinton, Benj. W. Miller, Bogalusa, for appellant.
Ott & Richardson, Bogalusa, for appellees.
FRUGE, Judge ad hoc.
This is a suit for damages brought by Frank L. Toney and his collision insurer, Resolute Fire Insurance Company, against the defendant, Hugh Burris, for the purpose of recovering the amount of damage sustained by each of them as the result of a collision between an automobile owned *439 and operated by the plaintiff, Toney, and a truck owned and operated by the defendant Burris. The amount prayed for by the plaintiff, Toney, is the sum of $50, which represents the uninsured portion of the damage to his car under a policy of collision insurance issued by his above named insurer and containing the usual $50 deductible clause. The amount prayed for by the plaintiff insurance company is in the sum of $107.96, which represents the amount paid to the plaintiff Toney by the said company under the above mentioned policy of insurance which was in full force and effect at the time of the above mentioned collision, said company having become subrogated to all of the plaintiff's rights against the defendant by virtue of an act of subrogation executed by the insured in favor of his insurer. The plaintiffs predicate their demands upon the alleged negligence of the defendant Burris. Principally that the defendant made a left turn into the lane of traffic occupied by the plaintiff while the said plaintiff was in the act of passing the truck operated by the defendant, by failure of defendant giving any signal or warning to indicate his intention of making a left turn, by the defendant's failure to look in the rear before attempting to make a left turn, by defendant's failure to heed the warning given by plaintiff indicating his intention to pass the defendant, and defendant's failure to make any effort to avoid the accident after he saw or should have seen the plaintiff's automobile attempting to pass him.
The defendant has denied the allegations of negligence and the resultant liability of the defendant for damages to the Toney automobile as a result of the collision between the above mentioned vehicles, and has specifically pleaded contributory negligence on the part of the plaintiff Toney in the alternative and in case the Court should find that the defendant was guilty of negligence. Defendant prayed in reconvention that there be judgment herein in favor of him and against the plaintiff Toney for damages to his truck in the sum of $60.23.
The acts of negligence alleged by the defendant of the plaintiff are in plaintiff's failing to observe the defendant's signal for a left turn, plaintiff's failing to observe defendant making a left turn while he was some 700 feet behind defendant, plaintiff's failure to bring his car under control so as to avoid the accident, in plaintiff's traveling at a high and dangerous rate of speed, in plaintiff's attempting to pass the truck of defendant on the left side of the road when defendant had preempted that lane in making the turn, in failing to keep a proper lookout, and in failing to take any precautions whatever to avoid the accident.
The District Court rendered judgment in favor of plaintiff, Frank L. Toney, in the sum of $50 and Resolute Fire Insurance Company in the sum of $107.96 against the defendant, Burris, finding that the negligence of the defendant was the proximate and sole cause of the accident. Defendant appeals.
The automobile collision which is the basis of this case happened on August 22, 1948, at approximately the hour of 6:00 P. M. The plaintiff Toney was driving in a southerly direction along the Clifton-Franklinton highway and so was the defendant Burris. The car of the plaintiff Toney was behind and following the truck driven by the defendant. The Lower Court found that Toney was traveling at a moderate rate of speed and pulled his car to the left and into the left lane of traffic, preparatory to passing the truck owned and operated by the defendant; that the road was clear of traffic and obstructions and that the plaintiff blew his horn in order to signal the defendant Burris of his intention to pass the truck, but that just as he was in the very act of overtaking and passing the truck of defendant, the defendant suddenly and without any warning or signal whatever made a left turn in front of the car of the plaintiff intending and desiring to make a left turn into a gravel road leading in a northeasterly direction known as Pico Road, and that the plaintiff was unable to avoid striking the truck owned by the defendant because he was in *440 such close proximity thereto at the time the defendant made the left turn which was directly into the path of the plaintiff's automobile.
It is well recognized that a strong presumption of correctness attaches to the finding of the trial court on a question of fact, and the conclusion of the trial court on questions of fact will not be disturbed in the absence of obvious or manifest error. Paquet v. Renken, La.App., 30 So.2d at page 218.
The Trial Judge in giving his reasons for judgment stated:
"The testimony in this case shows that the defendant Burris was operating his truck on the Clifton-Franklinton Highway, at a point some three miles north of the town of Franklinton, and he was proceeding along same in a southerly direction toward said town of Franklinton; that he was traveling at a rather slow rate of speed and when he came to a point in the highway about 50 feet north of what is known as the Pico Road, which is a graveled road on the west of said highway, he began preparations to make a left turn into said Pico Road. The car of the plaintiff Toney was traveling in the same direction as the truck of the defendant Burris, and I am satisfied from the evidence in the case that this car was being operated at a speed of between 50 and 55 miles per hour. Before the defendant Burris completed his left turn into the Pico Road, the car driven by the plaintiff Toney hit the said truck on the left rear side thereof, causing the damages which form the basis of this suit.
"The evidence further shows that there is a curve in the Clifton-Franklinton highway about 450 feet north on said highway from where the Pico Road leads into the highway. The defendant Burris testified that, at the time he started to make the left turn from the highway into the Pico Road, he looked through his rear-view mirror and saw the car of the plaintiff coming around the curve 450 feet away. He then states that he curved his truck to go into the Pico Road and at that time signaled his intention to make a left turn. In other words, the truck was turning into the Pico Road at the time he signaled with his left hand his intention to turn. I am convinced from the evidence that the defendant Burris was not traveling at a greater rate of speed than 12 miles per hour when he started to make the left turn, and this is the rate of speed it is admitted he was traveling by his counsel in the brief which has been filed. I am further satisfied that the plaintiff Toney was operating his Nash automobile at a rate of speed between 50 and 55 miles per hour. A car which is moving 12 miles per hour is moving at a rate of approximately 17 feet per second, and a car which is traveling at a rate of speed of 50 miles per hour is moving at a speed of 74 feet per second, or if it is traveling at a rate of 55 miles per hour it will be moving approximately 78 feet per second. See Chart of Speed of Automobiles, 9 (Part 2) Blashfield Cyclopedia of Automobile Law and Practice, page 706.
"Thus if, as the defendant Burris has testified, he was 50 feet from the Pico Road when he began making the left turn across the highway and he was traveling at a rate of speed of 12 miles per hour and, as he has further testified, the plaintiff at that time was in the curve 450 feet behind him, traveling at a rate of speed of 50 or 55 miles per hour, then it is obvious that the defendant would have traversed the 50 feet and been out of the highway and into the Pico Road before the car of the plaintiff reached that point. In other words, traveling at the top speed of 55 miles per hour, which is a rate of speed of 78 feet per second, the plaintiff could not have reached the Pico Road from a distance of 400 to 450 feet away in less than five seconds, whereas with the defendant traveling at a rate of speed of 12 miles per hour (or 17 feet per second) it would have required him only three seconds to get into the Pico Road. Accordingly, the accident could not have happened as explained by the defendant.
"The evidence shows that the car of plaintiff Toney made skid marks on the pavement for a distance of approximately 110 feet prior to the time it hit the *441 defendant's truck. This leads me to believe that the plaintiff Toney was in the neighborhood of 160 feet behind the defendant's truck at the time the defendant started to make the left turn because, as is shown by the Chart cited above, the average driver reacts to a warning in 3/4ths of a second and naturally the plaintiff Toney traveled some 50 or 60 feet before he realized that Burris was turning to the left across the highway. While I don't doubt that Burris indicated his intention to turn by giving a signal with his left hand, I am further convinced that he did not give this signal until (as he says) he was "in the curve" and consequently this was too late. I am further satisfied from the testimony of both Toney and his wife that the plaintiff sounded his horn, denoting his intention to pass, and it is impossible for me to understand why the defendant did not hear the horn except for the reason that the truck was making so much noise it prevented him from hearing the sound of the horn * * *.
"I am convinced from the facts of this case that the defendant, before making the left turn across the highway, did not ascertain that the movement could have been made in safety. As has heretofore been pointed out, the plaintiff's car could not have been where the defendant placed it prior to the time the defendant began making the left turn. Consequently, I am bound to conclude that the defendant did not look to his rear immediately before making the turn, for had he done so he would have seen the plaintiff's car not more than (at the outside) 170 feet behind him in the act of going by him in the left lane of the highway. His failure to look constituted the negligence which was the proximate cause of this accident and, since I am unable to find any act on the part of the plaintiff that constituted contributory negligence, then liability must attach to said defendant."
We have examined the transcript of evidence carefully and have found the same factual situation as given by the trial judge in his reasons for his judgment.
The law involved is well settled as follows:
That the burden is on the operator of a motor vehicle who desires to make a left turn, carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic, and he must yield the right of way to such vehicles. See Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264; Gomez v. Broussard, La.App., 34 So.2d 643; Lane v. Bourgeois, La.App., 28 So. 2d 91; Seale v. Stephens, La.App., 24 So. 2d 651; Home Insurance Co. v. Warren, La.App., 29 So.2d 551.
Highway Regulatory Act, Act No. 286 of 1938, § 3, Rule 10, subsection (a) provides: "The driver of any vehicle upon a public road, highway or bridge of this State, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * * * and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement."
For the reasons assigned it is ordered that the judgment appealed from is affirmed at defendant's costs.