HARDY, Judge.
■ This is a suit in which plaintiff seeks to recover the sum of $383.57 representing cost of repairs'to his 1946 model Plymouth Coach, allegedly resulting from a collision with a truck owned by defendant and operated by his employee. After trial there-was judgment for plaintiff as prayed, from which judgment defendant has appealed.
The accident occurred in broad daylight at or about the hour of 4:00 P.M. on July 27, 1948, on U. S. Highway 71 at a point some three or four miles south of Clarence, Louisiana. At the time plaintiff was driving -his Plymouth automobile south along the highway at a speed of 45 to 50 miles per hour and was overtaking defendant’s 1% ton, stake body, 1946 Ford Truck, which was also being driven south hy one Junior Lee Dixon, a young Negro employed by defendant.
Plaintiff alleges that after signaling, by sounding his horn, he engaged in the maneuver of passing defendant’s truck and as his car drew abreast of said truck the driver thereof suddenly, without warning and without signal of his intent, turned the truck sharply to the left across the path of plaintiff’s car. Plaintiff testified, on trial of the case, that it was impossible to avoid the collision but that, in the effort to minimize the effects thereof, he turned his car to the left and by this action prevented a full head on crash into the side of the truck. It is apparent from the testimony that the right front and side of plaintiff’s car came in contact with that portion of the truck between the cab and the rear end in a sort of sideswiping or angling impact.
*381 Numerous charges of negligence are made by plaintiff, the most material being that the truck was not equipped with, a rear view mirror; that the vehicle’s brakes were defective, which caused the left rear wheel to grab, thus pulling the truck to the left upon application of the brakes; that the truck driver failed to heed plaintiff’s warning signal, neglected to make proper observation and lookout, and' failed to signal his intention of making a turn.
All charges of negligence are denied by defendant, and, in the alternative, contributory negligence on the part of plaintiff barring recovery was specifically set forth, among which charges were those of driving at an excessive speed; failure to keep a lookout; failure to keep his car under proper control; driving without proper brakes; failing to see and heed the signal of the truck driver giving warning of his intention to turn.
As is usual in cases of this nature, the testimony of the witnesses for plaintiff and defendant is in violent conflict. Plaintiff was accompanied by a young girl, who was seated next to him on the front seat, and his wife and baby, who were on the rear seat. The driver of defendant’s truck was unaccompanied. The only eye witnesses to the accident who testified on trial were the plaintiff and his wife. However, certain written statements, apparently made by the driver of defendant’s truck to insurance representatives, were admitted in evidence, it being stipulated that the said driver, if present in court, would testify substantially in accordance with the contents of said statements. It was further stipulated on behalf of plaintiff that the truth of the contents of the statements was not admitted.
The testimony of plaintiff and his wife is clear and unequivocal and preponderates over the statements of defendant’s truck driver. A number of other witnesses tendered on behalf of defendant testified with respect to their observation of physical surroundings and conditions on the highway at the scene of the accident. The effect of this testimony is weakened by the fact that most of these witnesses appeared on the scene some considerable time after the occurrence of the accident and that their observations were not made with any considered accuracy.
We think it is established beyond any question that defendant’s truck was not equipped with a rear view mirror, and despite the statement of the driven that he made observation to the rear for overtaking or approaching vehicles, we do not think this action has been satisfactorily established. Admittedly, the view for a considerable distance was clear and unobstructed, and if the driver, in fact, had niade proper and reasonable observation before beginning his turning movement, certainly he could and should have seen the approach of plantiff’s automobile, which at that time was in close proximity to the truck.
The principal point of dispute centers about the question as to whether the truck driver made any signal of his intention to turn at a time when such warning would have been effective. Plaintiff and his wife both testified positively that the truck driver made no signal of any kind and that he turned the truck into the path of plaintiff’s car without warning. This is denied by the statement of the truck driver, who says he made an arm signal, and the attempt is made to Support this statement by two witnesses for defendant, who testified that plaintiff made the statement shortly after the accident that he couldn’t tell from the signal what the driver intended and assumed that it was a stop warning and not a turn. Plaintiff stoutly denied having made any such statement.
In connection with this question it is pertinent to observe that the mere making of a signal, if in fact such was done, is not in itself sufficient to discharge the obligations of the driver of a motor vehicle and to relieve him from the imputation of negligence. There would be little merit in making a signal for a left turn and beginning the turn into the direct path of an overtaking vehicle. It is required that a driver not only give the proper signal but that he make careful observation before turning out of his lane of travel. As has been many times pointed out by the courts of our State, a left-hand turn is a particu *382 larly dangerous maneuver and requires the exercise-of the utmost caution.
It is established that the driver of defendant’s truck was making a turn into an intersecting gravel road, which led to defendant’s mill. Despite the dispute as to the existence of warning signs with respect to the intersection, we are satisfied that such intersection was poorly marked, if at all, and from the testimony we are further of the opinion that the intersection itself was obscured by high grass and weeds and there did not exist any apparent signs which would have indicated the need for extra precaution on the part of the driver engaged in passing a vehicle at the point. However this may be, we do not think it a controlling or even a persuasive factor.
There appears to be no question as to the negligence of the driver of defendant’s truck in failing to make proper, timely and thorough observation for traffic approaching from the rear, and this negligence, in our opinion, was the sole and proximate cause of the accident.
Defendant has failed to establish by the requisite preponderance of the evidence any of the charges of contributory negligence asserted against plaintiff.
Careful consideration of the record before us fails to indicate error of any degree, manifest or otherwise, in the judgment of the lower court.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.