JANIVER, Judge.
This case presents a golden opportunity for the application of the doctrine that the finding of the trial court, where only facts are involved, should not be disturbed on appeal unless it is obvious that those findings are manifestly erroneous.
The suit results from án accident in which there were involved two automobiles which were going in the same direction in New Orleans, up Magazine Street, between Erato and Gaiennie Streets.
Plaintiff operates a large chain of local retail drugstores. Defendant, Henry Mixon, owns and operates a taxicab' and the defendant, Nola Cabs, Inc.,' in compliance with certain ordinances of the City of New Orleans, had deposited with the City bonds and securities as a prerequisite to the operation of certain taxicabs, including that of Mixon, said deposit having been made under the requirement that should the operator of any of said taxicabs be found liable in any such suit as this, payment of the resulting judgment would be made if necessary' out of the said bonds or securities.
The panel-bodied truck of plaintiff had left the office and warehouse of a large wholesale drug house situated on the right hand side of Magazine Street and had proceeded a few blocks when its driver noticed that a large beverage delivery truck “had double-parked” directly in the path of the truck of plaintiff. At that point traffic was permitted to proceed in both directions on Magazine Street, and there were other parked vehicles along both curbs, so that it was necessary for plaintiff’s truck to pass between the double-parked beverage truck and the vehicles parked on the other side of the street.
It is the contention of the plaintiff corporation that the driver of its truck dis *525 covered this situation when his truck was still several blocks away and had turned slightly to his left into the traffic lane in which he could pass to the left of the double-parked beverage truck, and that just before it could pass that truck, it was run into violently from the rear by the taxicab of defendant, Mixon, which was being operated at an excessive rate of speed and in a negligent manner.
It is the contention of defendants that the two vehicles were proceeding up Magazine Street practically alongside each other, plaintiff’s truck to the right and the taxicab to the left, with the truck slightly in advance of the taxicab, and that suddenly and without any warning, the driver of the truck swerved it to its left into the path of the taxicab when it was so near that the driver of the taxicab could not stop it nor reduce its speed sufficiently to avoid the ensuing impact between the two vehicles.
There was judgment in the Civil District Court for the Parish of Orleans dismissing plaintiff’s suit, and plaintiff has appealed.
The extent of the damage to plaintiff’s truck is conceded, so that the only question for consideration is whether the taxicab, through carelessness, ran into the rear of plaintiff’s truck, or whether that truck, through carelessness of its driver, swerved to its left and into the path of the taxicab when it was too late for the taxicab to avoid striking the truck.
Edward Anderson, the driver of plaintiff’s truck, said that when he saw the double-parked beverage truck it was about “a block or two” away and that at sometime before he reached it, he “pulled out enough to' clear the truck”, and reduced his speed to “about 10 or 15 miles an hour,” and that at that time “there was nothing in sight in front or back of me,” when “all of a sudden” the truck “was hit in the back by the Cab Company cab.” He says that he lost control of the cab, and that it crashed into the beverage truck and then into another automobile and that it was then hit a second time by the taxicab.
We note at this point that though he said, as we have above shown, that “there was nothing in sight in front or back of me,” at another point in his testimony he stated that, though he had a rear view mirror on the truck, he did not look to see whether there was any vehicle coming behind him after he left the establishment of the drug firm several blocks down Magazine Street.
The driver of the taxicab was not produced as a witness, but it was explained that his mother had said that her son was in the Veteran’s Hospital on the lake front, and that, under his doctor’s orders, he was not permitted to see or talk to any one.
The only other eye-witness was Charles L. Mauer, a salesman who had just visited a customer in the neighborhood and had come out on to the sidewalk shortly before the occurrence. He says that he saw the two vehicles, and that they were alongside each other with the truck of the plaintiff “a ^little bit in front of the cab, about a quarter of the body or half of the body * * *,’’ and he said that in order to avoid hitting the double-parked beverage truck, the driver of plaintiff’s truck “cut over to the left” and that when he did this “the cab hit him in the rear end and swung him around.”
There is no physical evidence from which it may be said that any light is thrown on the question of how the accident was caused.
Under the circumstances, all that we can say is that surely it cannot properly be said that the finding of the trial judge was manifestly erroneous.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., absent.