ELLilS, Judge.
This is an action by Jules Thomas, Jr. against the- Morgan City Canning Company, Inc., to recover for, personal injuries and property damage resulting from a collision between his car and a truck of the defendant. The defendant answered, denying any liability whatsoever, specially pleading contributory negligence, and further reconvened-for damages to its truck. A' petition of'’intervention was filed by Motors Insurance Corporation, the property-insurer of plaintiff’s automobile.
After a trial on the merits judgment was rendered in favor of the defendant, dismissing plaintiff’s suit, the reconventional demand and also the intervention.
From this' judgment- only the plaintiff has appealed.
The accident frojn, which, this suit, arose occurred at about. 1;1:00 A.M. on a clear day, on May 2, 1953 upon Louisiana Highway No.: 69 in the Parish óf Terrebonne, about 8- miles north .of Houma, Louisiana. At the scene :of the accident the roadway is paved- and straight, with wide shoulders.
The plaintiff alleged that he was traveling south in his right lane of traffic; that he gave the proper signals of his intention to slow down and turn, when his cár, while still in its right lane and before any change in its course had been made, was suddenly struck in the rear by the defendant’s truck. There are further allegations to the effect that the collision and the resulting damages were due entirely to the gross negligence of the truck driver, employee of the defendant.
The defendant in its answer denied the essential allegations of the petition, and set forth that the accident was due to the sole negligence of the plaintiff. Contributory negligence was plead.: In a reconventional demand the defendant alleges acts of negligence upon the part of the plaintiff as:, .(I) Failure to keep a proper lookout; (2) Failure to keep his vehicle under proper control; (3) Attempting a left turn when he knew or should, have known of 'the vehicle approaching him from the rear and attempting to pass his vehicle; •’ (4) Attempting a left turn without giving proper signals. - The defendant also alleged that the driver of its truck, while approaching the car of the plaintiff, blew the horn of the truck and then attempted to pass the car, when as he was almost abreast of it and in the left lane of traffic, the plaintiff, without any warning or signal, suddenly attempted a left turn; that the driver of the truck attempted to turn to his ’right to avoid striking plaintiff’s ■ car, - but in spite of his efforts, the vehicles collided; ’
The evidence clearly establishes that the right rear of plaintiff’s automobile was .struck by the left front of defendant’s truck, and that plaintiff’s car, as a result, of the impact, veered to its left, ran completely across the highway, running over when it hit the - shoulder, and came to Test on its top, breaking a fence which was about 9- feet off the left lane- of the highway.
The plaintiff testified thgt he was going to pull off the road to the right fo fix the radiator of his automobile, because the ■gauge showed that it .was too hot; that he gave a signal for a right-hand turn, started to slow down and was struck by the defendant’s truck. He also testified that before he started to slow down he looked in his rear vision mirror and noticed' the truck approaching him at a distance of about 10 feet. He maintains vigorously that he was at all times before the accident on the *550 right lane of the highway and never turned to the left.
The driver of the defendant’s truck testified that as he approached the plaintiff’s car he blew his horn, intending to pass him, and that the plaintiff turned to the left, and in an attempt to avoid a collision, he pulled the truck to its right in an effort to pass on the right-hand side of the car but was unable to avoid a collision.
Both drivers testified they were traveling at a reasonable rate of speed, approximately 35 miles per hour.
The plaintiff introduced the testimony of Ella Berl, who lived in a house on the left-hand side of the highway directly across from where the collision occurred, to substantiate his account of the accident. She claims she was an eyewitness and that the plaintiff kept his car in the right lane of traffic until the collision. However, under cross-examination she stated that she saw where the truck struck the car but that was all. The State Highway Trooper who investigated the accident immediately after its occurrence talked to Ella Berl, but she did not mention to him she had seen the accident. From the position she placed herself at the time of the accident and the conflict in her testimony it seems her statements do not deserve much consideration. Evidently the trial judge was of this same opinion.
Trooper Boudreaux testified that he spoke to the plaintiff as soon as he arrived at the scene of the accident and that the plaintiff told him he was turning to his left to park on the shoulder of the road, and he was able to locate the point of impact by examining both vehicles and the debris which was on the left side of the highway. His testimony corroborates the version of the accident given by the driver of the truck.
The testimony of the plaintiff and of Ella Berl is not sufficient to overcome the positive testimony of the driver óf the defendant’s truck, the statements of Trooper Boudreaux, and the physical facts to the effect that the plaintiff was turning to his left in front of the approaching truck when the collision occurred.
The trial court gave no written reasons for his judgment but in dismissing the demands of the plaintiff as -well as the reconventional demand of the defendant and the intervention, it is apparent he was of the opinion the accident happened as a result of the contributory negligence of both drivers. We are only concerned on this appeal with the plaintiff’s negligence.
The duty of a driver before executing a left-turn is set forth in the case of Brantley v. Clarkson, La.App., 39 So.2d 617, 618 which states:
“It is well established by the jurisprudence of this State that it is the duty of the driver of a vehicle to carefully observe following traffic before making a turn, and a left-hand turn has frequently been described as one of the most dangerous maneuvers in driving.”
Also see McDonald v. Zurich General Acc. & Liability Ins. Co., La.App., 25 So. 2d 923, and Brown v. Perkins, La.App., 144 So. 176.
Plaintiff was guilty of failure to keep a proper lookout and attempting to make a left turn without giving a proper signal as defendant approached from the rear in attempting to pass his vehicle.
The lower court found neither plaintiff nor defendant could recover and as only facts are involved in this law suit, the judgment cannot be disturbed on appeal in the absence of manifest error. Katz & Besthoff, Inc. v. Mixon, La.App., 64 So.2d 524.
Accordingly, the judgment of the District Court is affirmed.