LOTTINGER, Judge.
This is a suit resulting from an automobile accident. The petitioner sued Felipe Alfanso De Torre and his liability insurer, General Accident Fire and Life Assurance Corporation, Ltd. The Lower Court gave judgment for the defendant, dismissing petitioner’s suit, and furthermore gave judgment for defendant on its reconven-tional demand in the amount of $409.10. The petitioner has appealed.
The record shows that the accident occurred a short distance east of the village of Lawtell, in the Parish of St. Landry, Louisiana. The petitioner was a passenger in his automobile which was driven by his son, Louis Guillory. The son was driving, petitioner’s wife was sitting in the middle on the front seat, and petitioner was seated on the right front seat. Petitioner’s vehicle was driving east on U. S. Highway 190, intending to drive to the Lawtell Catholic Church. The said Church was situated a short distance north of Highway 190; there is a gravel road leading from the highway to the Church. Between the highway and the Church was a railroad track, which paralleled the highway. The Church w.as situated just across the railroad track from the highway. Immediately prior to the accident, the petitioner’s vehicle was driven at a speed of 20 to 25 miles per hour.
At the same time the defendant and his wife were proceeding in the same direction on U. S. Highway 190, but were in the rear of the petitioner’s vehicle. The defendants, as is shown by the record, were driving between 40 and 50 miles per hour, and attempted to pass the petitioner in the vicinity of the Church road. As the defendant started to pass petitioner, petitioner commenced his left turn into the Church road, .and the accident occurred.
The collision occurred at about 7 o’clock p. m. on August 15, 1955. The weather was clear, and it was not dark yet, as some of the witnesses testified that you could see well without lights. There is an “S” type curve in U. S. 190 at a distance of some 450 feet west of the point of impact, however, coming out of said curve going east, you can see some 550 to 600 feet down the highway. The Highway No. 190 is a paved highway.
There is some question raised as to whether the petitioner or the petitioner’s son was driving the automobile belonging to petitioner at the time of the accident. We feel, however, that the record shows that the vehicle was being driven by the petitioner’s son. It was being driven at the request of the father, and for a family purpose. The son is an unemancipated minor, is not married and lives with his father. There is no real question but that the father is responsible for the negligence, if any, of his son.
The petitioner’s son claims that prior to attempting the left turn, he looked into his rear view mirror and saw no one approaching from the rear. He proceeded on, gave the left hand turn signal, by extending his left arm out of the car in a horizontal position, and looked again in the rear view mirror immediately before commencing his turn. Again seeing no one, he started the turn when the accident occurred.
The defendant on the other hand claims that he blinked his lights and blew his horn prior to passing petitioner’s vehicle. He claims that when the front end of his automobile was almost even with the rear of petitioner’s automobile, the petitioner, without warning, started to make the left turn. It was impossible for defendant to avoid the accident because of the proximity of the vehicles.
It appears that the only party in the petitioner’s vehicle who saw the defendant prior to the accident was petitioner’s wife. She claimed that after they had passed the “S” curve in the road, she looked and saw the vehicle approaching from the rear, however she did not say anything because they were not yet ready to make the turn. She further stated that just as they were getting ready to make the turn, she again looked to the rear and saw the car attempting to pass them and yelled to her son, *380 “Watch .Out,” or words to that effect. Now certainly if Mrs. Guillory saw the other car prior to the accident, her husband and her son either saw it or certainly should have seen it.
The Guillorys all denied that they heard defendant blow his horn immediately prior to the accident. They further denied that they saw him blink his lights, as was claimed by defendant. The record shows that at the time of the accident a train was passing on the railroad track a short distance from the scene of the accident, and it is highly possible that the noise made by the train would drown out the sound of the horn. It was also shown that it was not yet dark at the time of the accident, which would certainly reduce the effect of the blinking lights. Furthermore the law and the jurisprudence defines a left hand turn as a very dangerous maneuver, and the driver of .a vehicle is under a duty to carefully observe overtaking or oncoming traffic before making a left hand turn. Thomas v. Morgan City Canning Co., Inc., La.App., 69 So.2d 548; Myers v. Maricelli, La.App., 50 So.2d 312; Toney v. Burris, La.App., 45 So.2d 438, and Auckley v. Robbins, La.App., 45 So.2d 380.
The evidence discloses that the point of impact was in the left, or north, lane of traffic, which was the passing lane. This point is shown by the evidence of the defendants, the investigating officer, as well as petitioner’s driver. It is therefore apparent that the petitioner’s car was in the process of making the left turn, and had crossed the center line of the highway, at the time of the accident.
It is apparent from the record that the defendant was actually in the process of passing the petitioner, when the petitioner suddenly attempted his left hand turn. The Lower Court must have felt that either the petitioner failed to give a left hand turn signal, or that he gave said signal too late to be effective, otherwise it could not have reached the decision that it did. It appears to us that this assumption is reasonable because petitioner’s driver did not even see or know the other car was following him until it was too late. Assuming that he did look as he claimed, and saw no one, it is safe to assume that he failed to give the turn signal.
The Lower Court held the petitioner negligent and found no negligence on the part of the defendant. We are unable to find any manifest error in the factual determinations of the Lower Court.
For the reasons assigned, the decision of the Lower Court will be affirmed, all costs to be paid by petitioner.
Judgment affirmed.