JONES, Judge.
Petitioner Jessie Warner instituted this suit against the defendant Brown and his public liability insurer seeking the recovery of property damages composed of the cost of repair to plaintiff’s Ford automobile which was involved in an accident with an automobile driven by the defendant *361 Brown and, of course, insured by the other defendant.
Brown and the liability insurer denied liability and Brown reconvened seeking-recovery for the damage occasioned his own vehicle in said accident. The case was duly tried in the District Court and judgment was rendered in favor of the plaintiff and against the defendants, from which judgment both of said defendants have appealed.
On the night of March S, 1958, at about the hour of nine o’clock p. m., the petitioner, Jessie Warner, was proceeding in his Ford automobile in a westerly direction along what is known as Old U. S. Highway 190, a blacktopped highway about one-half mile west of the town of Walker, Louisiana, at a point where a small gravel road connects with said highway from the south. At the same time, the defendant Brown was likewise proceeding in a westerly direction on said Highway 190 and when the Brown car reached a point where the gravel road connects with Old U. S. Highway 190 the cars collided causing the damage which forms the basis of this suit.
The plaintiff Warner testified he had been to a church meeting and was on his way home, that he was traveling at a very slow rate of speed and when he reached the point where the gravel road connected from the south with the Old U. S. Highway 190, he stopped his car on the north side of the highway preparatory to making a left turn and, shortly after he did so, the car driven by defendant Brown ran into the left rear of the plaintiff’s car.
Brown testified that on the night of the accident he was traveling west on said road to go to his work in Baton Rouge and when he came around a curve a little ways east of the point of the accident, driving at a speed of somewhere between 55 and 62 miles per hour, he observed the lights of the Warner car and slackened his speed preparatory to going around it. He further testified that on the night of the accident it was raining and misty, that the road was wet and he observed that the Warner car was traveling at a very slow rate of speed. He further testified that he was familiar with the connecting gravel road as he passed it frequently on his way to work. His estimate of his speed at the time immediately prior to the accident was 40 miles per hour; that he did not remember blowing his horn or blinking his lights; and while he was on the southern side of the highway preparatory to passing the Warner car, the driver thereof suddenly pulled to the left or into the southern side of the highway and that'his car struck the Warner car in the left rear thereof, the point of contact on the defendant’s car being on the right front. The only witness who was present when the accident happened was Zanders Rogers, a nephew of the plaintiff. He was a passenger in his uncle’s car and corroborated his uncle’s testimony.
Sergeant E. H. Edwards, a highway patrolman, investigated the accident shortly after it happened and questioned the respective parties. His testimony reflects that Mr. Warner, the plaintiff, stated to him that he was making a left turn at the time of the accident and further stated he did not see the Brown vehicle overtaking him because he was talking to the passenger in his car. This witness testified that the debris from the cars — -dirt, mud, etc. — was about in the center of the east bound traffic lane. It is to be noted that even though this witness, apparently disintérested, states the plaintiff told him he was making a left turn when the accident happened,’ yet the plaintiff’s testimony at the time of the trial shows that he was not making a left’ turn but was going to do só and at the time of 'the accident he was sitting in his car on, the right side of the highway.
The District Court gave no reasons for its judgement in favor of the plaintiff but no doubt accepted the testimony of the plaintiff and his nephew in preference to the testimony of the state trooper and apparently did not give consideration to the fact that the collision occurred in the *362 center'of the east bound traffic lane. Most assuredly, that is where the cars ran together for the state trooper testified that is where he found the debris and this has not been denied by any witness in the case.
Under the provisions of LSA-R.S. 32:235, it is the mandatory duty of the driver of a vehicle on the highways of this State to ascertain before turning that there is no traffic approaching from either direction and he shall not attempt to make a turn unless the way is clear. Further, when a left turn is made and an accident occurs, the burden rests upon the one making a left turn to show that he was- free from negligence. Codifer v. Occhipinti, La App., 57 So.2d 697.
While it is true that the rear of the plaintiff’s car was damaged around the left fender as well as the left side thereof, it does not follow from this that the defendant’s automobile ran into the rear of the plaintiff’s automobile while it was in the western lane of traffic but rather in view of the fact that the debris was in the .eastern lane of travel it necessarily follows the collision took place there and the cars, at the time of impact, apparently were both traveling at an angle in a southwesterly -.direction.
Other than the four witnesses whose testimony has been commented upon, the only other witness was Mrs. Warner, wife of the plaintiff. She testified she found skid marks some ten feet east of the intersection in the western travel lane and it is apparent that she was trying to create an inference that the collision happened at that point. However, it is noted that in cross examination of this witness she testified that the skid marks were in the left side of the road, or the eastern traffic lane. Consequently, the witness’ testimony was of little value.
As heretofore pointed out, when a driver of an automobile is making a left turn, he ,is making a very dangerous maneuver and he is under a duty to caa-efully observe both overtaking and oncoming traffic before making such turn. Guillory v. De Torre, La.App., 99 So.2d 378, 379; also, Thomas v. Morgan City Canning Company, Inc., La.App., 69 So.2d 548; Toney v. Burris, La.App., 45 So.2d 438; and Auckley v. Robbins, La.App., 45 So.2d 380.
From the factual situation of the present case, it is established that the plaintiff who was making the left turn was guilty of negligence that was the proximate cause of the accident. He never did see the car that was coming behind him prior to his making the left turn and the record reflects that this was apparently due to the fact that he was talking ff> his nephew who was riding with him. Further than this, when he made the left turn, the car of the defendant was immediately to his rear and from where the debris was found, about the center of the eastern lane of traffic, it is apparent that the rear of the plaintiff’s car had reached this point at the time the collision took place. It might be further added that the plaintiff admitted he gave no signal indicating his intention to turn.
Plaintiff in a supplemental brief cites the case of Delaune v. Crawford, La.App., 39 So.2d 94, as authority for the recovery of the plaintiff in this suit. It is true in this Delaune case that recovery was allowed to a driver who made a left turn and was hit by a car approaching from the rear but the facts in that case show that the accident happened at the west end oí an overpass in the City of Baton Rouge and there was an intervening car between the car that was making the left turn and the car that struck the left-turning vehicle. The facts in that case further show that there was a rise in the overpass and it was apparent the left turn had been made by the driver prior to the time the defendant came to the rise in the overpass and into view. At any rate, the court found the defendant was operating the overtaking vehicle at an excessive rate of speed and further found it was immediately after he passed the *363 intervening vehicle that he ran into the left-turning vehicle on its right rear fender after it had gotten off the paved portion of the highway. For these reasons, we do not think this Delaune case is applicable to the facts presented in the present case.
The defendant Brown has filed a re-conventional demand alleging that the accident was due solely to the negligence of the plaintiff Warner and, consequently, he seeks recovery of the damages to his car as a result of the collision.
As heretofore pointed out, defendant Brown testified that on the night of the accident he went around a curve just a little ways east of where the collision subsequently happened to the west; that at said time he was traveling between 55 and 62 miles per hour; that it was raining and.it was misty; that he did not remember sounding his horn or blinking his lights and, therefore, he gave no indication whatsoever of his intention to pass this car which he noted was traveling at a very slow rate of speed. In addition thereto, he was very familiar with the gravel road which connected with Old U. S. Highway 190 from the south because he passed there twice a day practically every day on his way to and from work in Baton Rouge. While it is true he testified that he was not running more than 40 miles per hour when he attempted to pass the car, we seriously doubt this for he was only a very short distance from the Warner car when he went around the curve. This distance, incidentally, is not fixed in the record.
Under the above circumstances, we are of the opinion that the negligence of Brown, plaintiff in reconvention, was concurrent with that of Warner and likewise a proximate cause of this accident. In the first place, he was operating his vehicle at an excessive rate of speed for it was raining and he could not see clearly. In the second place, he was very familiar with the gravel road that connected with the highway on which he was traveling and when he saw the Warner car traveling at a very slow rate of "speed, he should have brought his car under control at least to the extent of slowing it down to a speed of less than 40 miles per hour. Further, he gave no warning of his intention to pass by sounding his horn and in not doing so he violated LSA-R.S. 32:233, paragraph B.
Accordingly, the judgment of the lower court will be reversed and the plaintiff’s demands rejected; the judgment rejecting the demands of the plaintiff in reconvention will be affirmed.
Reversed in part and affirmed in part.