LOTTINGER, Judge.
This litigation arises out of an automobile accident that happened on Louisiana Highway No. 42 at a point approximately one mile Southwest of Port Vincent, Louisiana, involving a pick-up truck owned and operated by plaintiff, William Smith, and a 1953 Ford automobile owned by defendant Douglas Rheams, operated by his minor son, Alvin Rheams, and insured by the other defendant, Audubon Insurance Company. Previous to the accident, the plaintiff was proceeding along Louisiana Highway No. 42 in a Southwesterly direction and, after having slowed his truck to make a left turn into his driveway, was struck on the left side by the 1953 Rheams Ford automobile.
The Lower Court found for the defendant and the plaintiff has appealed.
The Trial Judge found as follows:
“ * * * Charges of negligence by the plaintiff, and counter charges of contributory negligence by the defendant, were filed, plaintiff alleging that defendant exceeded the speed limit, disregarding warning signals, and failed to keep a proper lookout, among other acts of negligence. The defendant alleged that plaintiff was negligent in coming to an abrupt stop on a main highway, which the evidence did not support, turning left suddenly, thereby crossing the left traffic lane, failing to keep a proper lookout, and driving in a careless and reckless manner.
“Plaintiff, William Smith, was proceeding along Louisiana Highway 42 in a southwesterly direction and had slowed his truck, intending to make a left turn into his driveway. Plaintiff testified that he was driving about 10 miles an hour. Plaintiff further stated that he looked to the rear while approximately 40 to 50 feet from the driveway and did not see any traffic behind him, that he again looked in his rear mirror, again did not see any traffic to the rear. He then estimated that he traveled approximately 25 feet in a swinging left turn and was struck on the left door of his pickup truck by defendant’s automobile.
“Alvin Rheams later readily admitted that he was driving at a high rate of speed, somewhere in the neighborhood of 65 or 70 miles an hour. The legal speed limit on this highway is 60 miles per hour, with a 40 mile per hour speed limit at the curves. Alvin Rheams stated that when he came out of a curve 520 feet from the point of collision, he saw plaintiff’s truck proceeding 15 or 20 miles per hour, that he pulled to the left lane to pass when about 300 feet behind the pickup truck, and when approximately 115 feet from plaintiff’s truck, he saw that plaintiff was turning to the left and tried to go *110 around plaintiff on the left shoulder of the road.
“Cpl. Matherne placed the point of col-lission in the center of the opposite traffic lane. However, he did not impress the Court as being too certain about the facts, inasmuch as he investigated this accident three years ago.
“Defendant, Douglas Rheams, and his son, Alvin Rheams, have not reconvened in this suit. The decisive question is, therefore, whether or not plaintiff was guilty of any negligence constituting either a proximate or a contributing cause of the accident.
“R.S. 32:235 reads in part as follows:
“ ‘The driver of any vehicle on the highways of this state shall ascertain before turning around upon any highway that there is no traffic, vehicular or pedestrian, approaching from either direction which would be unduly delayed and shall yield the right of way to such approaching traffic and shall not attempt to make a turn unless the way is clear’
“The following section, 236, of the statute, reads as follows:
“ ‘The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety.’
“Learned counsel for defendant has cited the Burris case [Toney v. Burris, La.App.], 45 So.2d 438, which states that a motorist who desires to make a left turn has the responsibility of being certain that the turn can be made without danger to normal overtaking of oncoming traffic, and must yield the right of way to such vehicles. The above case is cited in Washington Fire & Marine Insurance Company v. Wallace [La.App.], 92 So.2d 777, at page 780.
“The law, as this Court understands the statute, is that a motorist making a left turn has a right to assume that approaching vehicles are not speeding and are under control.
“However, he likewise has a duty to give a close, careful survey before attempting to make such a maneuver. The plaintiff in this case stated that he looked back through a rear mirror and could see some 400 feet, and did not see defendant’s automobile, and that while traveling a distance of 25 feet at 10 miles per hour, he was struck by this automobile.
“If we assume that the distance from the point of collision to the curve was 400 feet, although Alvin Rheams states that he measured the distance at one-tenth of a mile, it would be impossible for the defendant’s automobile to travel 400 feet while plaintiff’s automobile traveled 25 feet at 10 miles per hour. This would have put Alvin Rheams’ speed at something like 160 miles per hour.
“The court feels that the defendant’s automobile was there, but that plaintiff either did not see it when he looked or failed to look, and the law holds the plaintiff to see what he should have seen.
' “The Court is of the opinion that Alvin Rheams was being negligent in speeding around the curve. However, this accident happened between four and five hundred feet past the curve, where the lawful speed limit is 60 miles per hour, and if Alvin Rheams had been going 60 rather than 70, it would have made little difference in this accident.”
A careful examination of the record shows that it amply substantiates the findings of the Lower Court which will, therefore, be affirmed.
Judgment affirmed.