REID, Judge.
Plaintiff and his wife filed this suit for damages as a result of an accident which happened on Shelly Drive in Baton Rouge, Louisiana, on June 13, 1960, between a 1954 Pontiac automobile owned by Sam Di Pietro and operated by his wife, Mrs. Lottie F. Di Pietro, and a 1957 Ford Fordor Sedan owned and operated by the defendant, Donald T. Lormand.
Sam Di Pietro seeks the total sum of $1030.41 hospital and medical bills, and repairs and other expenses to his automobile. Mrs. Di Pietro seeks the sum of $25,000.00 for physical pain and suffering, and mental pain and anguish.
Defendant first filed an exception of vagueness, which was overruled by the Court. He then filed an answer and re-conventional demand, denying negligence on his part, and alleging that the sole and proximate cause of the accident was Mrs. Di Pietro’s negligence in turning left into Lormand’s path. He further pleaded contributory negligence on the part of Mrs. Di Pietro.
The Judge of the Lower Court, with written reasons held the accident was caused by the negligence of Mrs. Di Pietro, rejected her demands and gave judgment in favor of defendant and plaintiff in re-convention on his reconventional demand in the sum of $108.00 with legal interest until paid and all costs.
It is from this judgment that the plaintiffs have appealed.
There were only two witnesses to the accident, Mrs. Di Pietro and Donald T. Lormand. Mrs. Di Pietro was proceeding easterly on Shelly Drive; the defendant was following some distance behind. Defendant contended that Mrs. Di Pietro attempted to execute a left hand turn into her driveway at 3813 Shelly Drive, just as defendant attempted to pass the Di Pietro car on the left. The defendant car struck the left side of the Di Pietro vehicle near the middle. Damages to the Di Pietro car were stipulated at $178.81 and to the Lormand car at $108.00. Mrs. Di Pietro sustained a whip lash injury.
Mrs. Di Pietro testified she gave a signal for a left hand turn, both a hand signal and a blinker light signal, when she was about 400 feet from her driveway, at which time she saw defendant’s car behind her. When she was about 100 feet from her driveway she slowed her car, preparing to make a left turn into her driveway. She again noticed the defendant’s car behind her, however, when she started to make her left turn at the driveway she *660 did not notice where the Lormand vehicle was. The last time she had seen it he was some distance behind her, and she did not know how fast he was traveling.
Defendant testified he was three or four car lengths behind the Di Pietro vehicle when he first saw the blinker signal for a right turn. He then checked the oncoming traffic, rechecked the blinker light, blew his horn, and attempted to pass when the accident happened. He also testified Mrs. Di Pietro first started to turn when his front bumper was approximately even with her back bumper.
Another witness was Officer J. W. Smith of Baton Rouge City Police who investigated the accident. Pie testified the Lor-mand car skidded 40 feet before and 14 feet after the point of collision. He further testified the blinker light on the Di Pietro car was still working, blinking for a left turn when he arrived at the scene of the accident.
Defendant Lormand in answer to this testified as follows:
“BY THE COURT:
“Q: You recall hearing the officer, Officer Smith, testify that after he arrived at the scene of the accident he noticed that the blinker light on the Di Pietro car was still working? That it was blinking ?
“A: I recall that.
“Q: Was that the right or the left blinker light that was working?
“A: That was the left blinker because when I got out of the car I said to Mrs. Di Pietro, I said, ‘Use your left, use your left’ and then I walked over to the car to see if she was hurt or anything and to the best of my knowledge that’s when the left signal was turned on because before that I definitely did not see her left signal.”
The Trial Judge, with written reasons, found:
“One or both the drivers obviously failed to keep a proper lookout. The evidence is unsatisfactory to show whether Defendant attempted to pass after Mr. Di Pietro began the left turn, or whether Mrs. Di Pietro began the left turn after Defendant entered the left lane to pass.
“As to plaintiffs’ claim, it is immaterial which version of the facts is true. In either event, Mrs. Di Pietro was contributorily negligent and is barred from recovery.
“ ‘The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this a cardinal rule of the road founded on common sense, but in our State it is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction, which will be unduly delayed; and said driver “shall yield right of way to such approaching traffic and shall not attempt to make a turn unless the way is clear”. * * * “When such a left hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left hand turn to explain how the accident occurred and to show that he was free from negligence.” ’ Washington Fire & Marine Insurance Company v. Fireman’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957)
Just a few of the 'legion of cases’ so holding are Hornosky v. United Gas Pipe Line Company, 127 So.2d 287 *661 (La.App. 4th Cir. 1961); Smith v. Massachusetts Bonding and Insurance Company, 130 So.2d 153 (La.App. 2nd Cir, 1961); Methvin v. Roshto, 96 So.2d 383 (La.App. 1st Cir. 1957) Day v. Roberts, 55 So.2d 316 (La.App. 2d Cir. 1951); Toney v. Burris, 45 So.2d 438 (La.App. 2d Cir. 1950); Gaines v. Standard Accident Insurance Company 32 So.2d 633 (La.App. 1st Cir, 1957) R.S. 32:325 has now been replaced by R.S. 32:101, but the earlier statute governs this case. Mrs. Di Pietro testified that she looked back as she began the left turn. Either she failed to see the Lormand car or she seriously misjudged its distance behind her. To do either is negligence. The Lormand car was approaching traffic within the meaning of R.S. 32:325. The vehicle was close enough behind her that Mrs. Di Pietro was obliged to yield right of way to it before attempting to turn into her driveway. By signalling for a left turn, which the Court is convinced she did, Mrs. Di Pietro did not relieve herself of negligence nor did she gain right of way over the oncoming Lormand car. Auckley v. Robbins, 45 So.2d 380 (La.App.2nd Cir. 1950; Callia v. Rambin, 78 So.2d 44 (La.App. 2d Cir 1955); Nichols v. Everist 80 So.2d 199 (La.App. 2d Cir. 1955).
“The cases relied upon by Plaintiffs are distinguishable from the case at hand. Green v. Plummer, 119 So.2d 862 (La.App. 1st Cir. 1960) Delaune v. Crawford, 39 So.2d 94 (La.App. 1st Cir 1949), Chandler v. Sentell, 35 So.2d 266 (La.App. 2d Cir. 1948), Kelly v. Neff, 14 So.2d 657 (La.App. 1st Cir. 1943) and White v. American Employers Insurance Company, 197 So. 803 (La.App. 1st Cir. 1940) all involved defendants traveling at excessive speed prior to collision with the left-turning motorist. There is no convincing evidence in the present case the Defendant was traveling more than 30 miles per hour, the legal speed limit. Defendant testified he was traveling within the legal speed limit; Mrs. Di Pietro does not recall how fast he was traveling; the evidence of the skidmarks is not inconsistent with a speed of 30 miles per hour. In Hinton v. Beyl, 122 So.2d 680 (La.App. 1st Cir. 1960) relied on by Plaintiffs, the approaching motorist was invisible when the defendant began a left turn. Defendant’s vehicle was plainly visible in the present case. In Moncrieff v. Lacobie, 89 So.2d 471 (La.App. 1st Cir, 1956) the defendant had to pass stopped traffic at an intersection in order to arrive in the intersection in time to smash into the left turning plaintiff. Defendant in the present case executed no such maneuver.
“In short the evidence clearly shows that Mrs. Di Pietro was negligent, but there is no convincing evidence that Defendant was negligent in any respect. Even if Mrs. Di Pietro sig-nalled for a left turn, Defendant, by statute, had the right of way and was entitled to pass. It would appear the Defendant could be charged with negligence only if he attempted to pass after Mrs. Di Pietro began the left turn. That he did this is not established by a preponderance of the evidence.”
We are of the opinion from the evidence in this case that Mrs. Di Pietro started her left turn without checking to locate the Lormand vehicle and at the time when Lormand was attempting to pass, and could not prevent striking plaintiff’s car.
We are, therefore, satisfied that the judgment of the Lower Court is correct and should be affirmed.
Affirmed.