REID, Judge.
Plaintiff Mrs. Janey F. Afeman and her husband Jake J. Afeman, brought this suit against defendant Percy W. Leland for damages resulting from an automobile accident which happened on Capitol Avenue at an intersection of an exit road leading from the Highway Building, located on the north side of Capitol Avenue, and the said Capitol Avenue.
The Lower Court rendered judgment in favor of plaintiff in the amount of $1500.00 to Mrs. Janey F. Afeman for pain and suffering, and $574.94 special damages to plaintiff Jake J. Afeman. From this judgment defendant has brought this devolutive appeal.
The facts show that the accident happened at approximately 5:00 P.M. on April 1, 1960. Mrs. Afeman was driving a 1953 Chevrolet automobile, owned by her husband, eastward on Capitol Avenue. Leland was driving a 1956 Mercury coming from a parking lot besides the Highway Department Building, leading on to the said Capitol Avenue.
Capitol Avenue is a four lane thoroughfare running east and west from the Capitol Building in Baton Rouge. It is divided into two lanes on the north side for west bound traffic, and two lanes on the south side for east bound traffic, divided by a neutral *289 ground in the center approximately nine feet in width. The two traffic lanes on the north side of the neutral ground are twenty-four feet in width and so are the two traffic lanes on the south side of the neutral ground. On the north side of the intersection there is a yield sign on the road leading from the parking lot of the Highway Department to Capitol Avenue and on the east bound lane on the north side thereof is a yield sign for traffic proceeding west on Capitol Avenue.
Defendant contends that he stopped on the north side of Capitol Avenue and after waiting for several cars to pass entered the intersection after one motorist had stopped his car and waved to him to proceed. He proceeded through the intersection into the east bound traffic lane where his car collided with the Afeman car. Mrs. Afeman testified, however, that she too came to a stop at the stop sign controlling east bound traffic and believing it was safe to proceed continued her way east when she was struck on the left rear of her car by the Leland car.
Leland testified he only proceeded into the intersection after he observed Mrs. Afeman some one hundred to one hundred fifty feet west of him. He did not observe her again until the moment of the impact. He testified that he looked to his left when he went to turn into the east bound lane of Capitol Avenue but did not check the position of Mrs. Afeman prior to making a left hand turn.
The point of impact was located by Officer Wilson as twelve feet west of the east parallel line of the Highway Department exit, six feet south of the southernmost part of the center median and fourteen feet north of the south curve of Capitol Avenue. Officer Wilson further testified the Afeman car had gone first through the intersection as shown by the skid marks and the debris and damage that was in the street and on the vehicles involved.
There is no question but what the road Leland was traveling was a private entrance and an exit to the Highway Building, whereas Capitol Avenue is a main thoroughfare. It might be further noted Mrs. Afeman was coming from defendant’s right and under the ordinary rule would have the right of way, or be the favored side. In this connection LSA-R.S. 32:124 provides as follows:
“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrain as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.”
We believe the controlling factor of this case is the fact Leland admitted that he did not check the position of the Afeman car when he started to make the left turn. He definitely noticed the position of Mrs. Afeman when he first saw the car some hundred to one hundred fifty feet west of the intersection. We feel that he was negligent in not looking to his right to ascertain her position when he knew she was approaching him from the west or his right. It is Hornbook Law that any one malting a left turn in front of approaching traffic makes one of the most dangerous maneuvers a car can make on a highway and it is his duty to ascertain whether he can make the turn with reasonable safety. We do not feel that Leland exercised reasonable care in checking the location of the Afeman car as he started to make the turn.
This Court had occasion to pass on a similar situation in Di Pietro v. Lormand, La.App., 165 So.2d 658, in which the author of this opinion was the organ of the Court. In this case Mrs. Di Pietro was found to be guilty of negligence barring her right to recover as awarded damages in reconvention against her because, having noticed the Lor-mand vehicle coming from her rear, and even though she looked back as she began *290 the left turn, failed to see the Lormand car or seriously misjudged his distance behind her. The vehicle was close behind Mrs. Di Pietro and she should have yielded the highway before attempting to turn left into her driveway.
The Trial Judge heard the witnesses and believed the testimony of Mrs. Afeman. With this finding we are in accord and see no reason to reverse the decision.
The plaintiff filed no answer to the appeal and seeks no increase in the award of damages. We feel the award is sufficient and satisfactory under the circumstances.
For the foregoing reason the judgment of the Lower Court is affirmed.
Affirmed.